## J. W. LANNING, SR., v. ALICE M. GREGORY ET AL.

### No. 1589. Decided January 30, 1907.

**1.—Minor—Divorce—Domicile.**

Upon the divorce of the parents in Texas without disposing of the right to the custody of the minor child, the father removing with the child to Louisiana and the mother to Tennessee, the domicile of the child followed that of the father, and it was not emancipated from the father's control by an agreement by him to return the child to the mother at her request. (P. 315.)

**2.—Same—Judgment—Change of Status.**

The effect of a judgment of a Texas court upon habeas corpus proceedings, awarding the custody of the child, which had been brought temporarily within the State, to the mother for a period of years, was to take the child from the family and custody of the father and place it in that of the mother; this was a change of the domestic status of the child for such time. (P. 315.)

**3.—Same—Jurisdiction.**

The child being in the lawful custody of the father, and its domicile with him in Louisiana, a District Court of Texas did not acquire jurisdiction of the child, by reason of its temporary presence in Texas, and had no authority to adjudge a change of relation between the father and the child. There being no unlawful restraint of the child, the question of the relative rights of the parents belonged to the jurisdiction of the father's domicile. (P. 315.)

Questions certified from the Court of Civil Appeals for the Fifth District, in an appeal from Hunt County.

*Looney & Clark* and *Perkins & Craddock,* for appellant.—The proceedings founded upon the petition filed, and the writ of habeas corpus issued and executed in pursuance of the fiat of the district judge, were summary in character, and not such as is contemplated and established by the constitution and the law for the final judicial determination of the legal rights of litigants, and the judgment, insofar as it adjudicates permanently the right to the custody of the minor, J. W. Lanning, Jr., is void, because the court was without authority in the proceedings, as presented, to render such judgment. Constitution 1876, sec. 8, art. 5; Rev. Stats. arts. 1181, 1182, 1183, 1191; Ex parte Towles, 48 Texas, 433; Slaven v. Wheeler, 58 Texas, 25; Windsor v. McVeigh, 93 U. S., 282; Anthony v. Kasey, 83 Va., 338 (S. C. 5 Am. St. Rep., 277); Calderwood v. Peyser, 42 Calif., 115, 5 Am. & Eng. Enc. L. (2d ed.), 746.

The respondent and his minor son were citizens of the United States and of the State of Louisiana, and as such were entitled to travel within the territory of the State of Texas, and this privilege and immunity could not be abridged by the State of Texas or by any of its governmental instrumentalities. Constitution of the U. S., art. 4, sec. 2; also art. 14, sec. 1; Corfield v. Coryell, 4 Wash. (U. S.), 371; Slaughterhouse cases, 16 Wall. (U. S.) 75; Ward v. Maryland, 12 Wall. (U. S.), 430; Paul v. Virginia, 8 Wall. (U. S.), 180; Van Valkenburgh v. Brown, 13 Am. Rep., 136; Crandell v. Nevada, 6 Wall. (U. S.), 35.

The domicil and citizenship of a minor child is fixed by that if its father, provided the father has not been deprived of his parental rights; hence in this case the minor boy was a citizen of the State of Louis-

iana, that being the home and domicile of his father who had him in
actual custody and whose parental rights had not been in any manner
abridged. Schouler's Domestic Relations, secs. 230, 231; Van Motre v.
Sankey, 148 Ill., 536; Woodward v. Woodward, 87 Tenn., 644; 1
Wharton's Conf. of Laws, 94, 95, 98; Hunt v. Hunt, 54 Ga., 257;
Connor's Est., 15 Pa. Co. Ct., 312; Fox v. Hicks, 50 Law. Rep., Ann.,
663.

A status, or domestic, or social condition, as those terms are used
in the law books, means the condition of persons such as "parent, child,
married man or woman, guardian and ward," and the state of "infancy;"
hence, whenever a court, by its judgment, awards the custody of an in-
fant permanently, it thereby determines permanently its "status" or its
"social and domestic relations." Schouler's Dom. Rel., sec. 1; Brown on
Jur., sec. 76; Dunham v. Dunham, 35 L. R. A., p. 70; Anderson's Law
Dict., p. 968, note 4.

Each State, as parens patriae, has the undoubted right to determine
the status, or domestic and social condition, of infant citizens domiciled
within its territory, and no State has the power to change the status or
condition of strangers temporarily within its territory, and any inter-
ference by a foreign tribunal, with the status or domestic condition of a
citizen of another State, is an officious intermeddling with a matter of
which it has no concern, and such action is void. Strader v. Graham,
10 How. (U. S.), p. 82; Brown on Jur., sec. 78, pp. 292, 293; Bishop on
Mar. and Div., 156, 157; 15 Am. & Eng. Ency. of Law (2d ed.), p. 86,
and note 1, p. 187, and authorities there cited.

Where an infant is domiciled in the State of Louisiana, in the cus-
tody of its father, who is a citizen of and domiciled in said State, and its
mother is a citizen of and domiciled in the State of Kentucky, and each
of the parties, that is, the infant, the father and the mother, being tem-
porarily within the territory of the State of Texas; in a contest which
arises in this State for the custody of said infant on habeas corpus, be-
tween the mother as relator and the father as respondent, the courts
of this State have no power or jurisdiction to determine such controversy,
in that this State is not parens patriae of the minor, and as neither
parent of the child is domiciled in this State the courts here have no
jurisdiction over the subject matter involved; neither can the same be
acquired by consent, by service of citation, or by voluntary appearance of
parties. See authorities cited elsewhere; also 35 L. R. A., 70; Brown on
Jur., sec. 79, p. 294; Cooley on Const. Lim., pp. 403, 404; Kline v. Kline,
57 Iowa, 386; 18 Am. Law Rev., pp. 31, 32; 22 Am. Law Rev., 567;
Hood v. State, 56 Ind., 263-270; Litowich v. Litowich, 19 Kan., 451;
Sewall v. Sewall, 122 Mass., 156; Lamar v. Micou, 112 U. S., 452; 1
Wharton's Confl. of Laws, 96, and note 4, 102; Maguire v. Maguire, 7
Dana, 181-185; People v. Dawall, 25 Mich., 247-265; Van Fossen v.
State, 37 Ohio St., 317-319; Farris v. Sipes, 99 Tenn., 298.

*Mock & Doss,* for appellees.—The power of the District Court to
award the custody of minors as between contesting parties, under the
writ of habeas corpus, is specifically delegated by statute. Habeas cor-
pus is a special proceeding and prerogative of the court, conferred by
the Constitution and laws upon either the courts or the judges thereof.

The mode of procedure in habeas corpus cases is specifically directed by statute. The essential and requisite elements in an application for the writ of habeas corpus, for the relief of any person illegally restrained, are prescribed by statute. Second: A writ of habeas corpus is a proper proceeding to determine whether a minor is illegally restrained of his liberty, and when, by means of such a writ, a minor of such tender years as to be lacking in discretion has been brought before the court, it not only inquires into and relieves against the unlawful restraint, but, as a necessary incident determines to whom the custody of the minor rightfully belongs. Rev. Stats., art. 3502b; Code Cr. Proc., arts. 150-214, inclusive; Legate v. Legate, 87 Texas, 251.

In habeas corpus proceedings, our law demands that relator have speedy and immediate relief, and when the parties to such a proceeding enter their appearance in court, either in person or by attorney, or both, file pleadings asking affirmative relief, and announce ready for trial, it is the duty of the court to hear and determine the cause on its merits. Rev. Stats., art. 3502b; Code Cr. Proc., arts. 150-214, inclusive; Legate v. Legate, 87 Texas, 251.

Appellee, as a nonresident, was entitled to the use of the laws and courts of the State of Texas for the protection of herself and her own, and the enforcement of their rights. The appellant, as a nonresident, was not immune, but amenable to the laws of the State of Texas. Const. of the U. S., art. 4, sec. 2; Const. of the U. S., art. 14, sec. 1; Corfield v. Coryell, 4 Wash., U. S., 371; Ward v. Maryland, 12 Wall., U. S., 430.

The domicile of a minor child is fixed by its birth, if at the residence of the parents, and can not be changed by a parent not in custody of minor and in exercise of full parental rights and obligations, or by a stranger assuming no responsibilities. Story on Confl. of Laws, sec. 46; Church on Habeas Corpus, 451a and 457; Taylor v. Jeter, 33 Ga., 195; Jenkins v. Clark, 71 Iowa, 552; In re Stockman, 71 Mich., 180.

A person may have his residence at one place and his domicile at another. Love v. Cherry, 24 Iowa, 204; Jenkins v. Clark, 71 Iowa, 552; Church on Habeas Corpus, 457, note. We contend this was the case with this minor. He was residing in Louisiana, but not in such a way as to change his domicile from Texas.

An order of court, awarding custody of minor to a parent for a specified time, does not change its status or social and domestic relations..

In cases where the domicile of the father, mother and the child is that of a foreign country, a court will, on habeas corpus proceedings, in a contest between the parents for the custody of the child, determine the rights of the parties, and make it conform to the law which governs those rights, subject to the general principles of law by which the court itself is governed. Church on Habeas Corpus, 433b; In re Smoot Infants, 11 P. R. Can., 482; Brown on Jur., sec. 4; Story on Confl. of Laws, sec. 541; Taylor v. Carpenter, 3 Story, 458; Mitchell v. Harmony, 13 How., 115; Kurtz v. Moffitt, 115 U. S., 487; Bishop on Mar. and Div., 156, 157; Liles v. Woods, 58 Texas, 416; Rice v. Peteet, 66 Texas, 569; York v. State, 73 Texas, 657; Wood v. Edwards, 9 Texas Civ. App., 539; Mayer v. Brown, 4 White & W., sec. 128; Mexican Cent. Ry. Co. v. Charman, 24 S. W. Rep., 958; Murphy v. Wallace, 3 White & W., sec. 430.

BROWN, ASSOCIATE JUSTICE.—Certified questions from the Court of Civil Appeals of the Fifth Supreme Judicial District, as follows:

"We deem it advisable to present to the Supreme Court of the State of Texas for adjudication the following issues of law arising in the above entitled cause:

"On November 10, 1905, appellees caused to be filed in the District Court of Hunt County, Texas, and presented to the Hon. R. L. Porter, judge of said court, the following petition for habeas corpus, to wit:

"The State of Texas, ⎫
  County of Hopkins, ⎭

"To Hon. R. L. Porter, Judge of the Eighth Judicial District:

"Your petitioner, Mrs. Alice Gregory, joined by her husband, R. E. Gregory, pro forma, respectfully shows that she is entitled to the custody of her minor son, J. W. Lanning, Jr., who is four years of age, that she has been secretly, clandestinely, and forcibly deprived of the custody of her said minor son by J. W. Lanning, Sr., who now has possession and custody of her said minor son, and his said custody of said child is illegal; that your petitioner has reasons to believe, and does verily believe, that the said J. W. Lanning, Sr., with her said son, J. W. Lanning, Jr., is now in Hunt County, Texas; that your petitioner fears that the said J. W. Lanning, Sr., will remove the said child, J. W. Lanning, Jr., without the State of Texas, and effectually conceal his whereabouts from your petitioner. Wherefore your petitioner prays Your Honor for your most gracious writ of habeas corpus, directed to the sheriff or any constable of Hunt County, Texas, and directed to the said J. W. Lanning, Sr., commanding them to produce the said J. W. Lanning, Jr., before Your Honor, at such time and place as Your Honor shall designate, to the end that the said minor child may be restored to your petitioner.

                                        "Alice Gregory."

"Sworn to and subscribed before me this 10th day of November, 1905.

"[SEAL.]                    "Jno. T. Ferguson, Notary Public,
                             "Hopkins County, Texas."

"The judge's fiat, endorsed on this petition, directed the clerk of the District Court of Hunt County, Texas, to issue the writ of habeas corpus as prayed for, returnable before him at the courthouse of said county instanter. The writ was issued on November 10, 1905, and executed by the sheriff of Hunt County on the 11th day of November, 1905, by taking charge of the person of J. W. Lanning, Jr., and carrying him before the court, as directed. The respondent, J. W. Lanning, Sr., on the same day, viz., November 11, 1905, filed his answer to the writ, denying the right of the relator, Mrs. Gregory, to the custody of the child, and, for the reasons alleged by him, asking that his custody be awarded to him. Both parties urged that a hearing of the matter be had as soon as possible, and in deference to their request the trial was begun that evening, November 11, 1905, and resulted in a judgment of the court awarding the custody of the child to the relator, Mrs. Gregory, until he arrived at the age of twelve years, after which time his

custody was given to the respondent. From this judgment the respondent, J. W. Lanning, Sr., has appealed.

"Relator and respondent were both reared in Limestone County, Texas, and married six or seven years ago. The little boy, whose custody the mother seeks to recover in this proceeding, is the fruit of that marriage, born in the State of Texas, and at the time of the trial in the District Court was four or five years of age. Respondent and relator moved to Sulphur Springs, in Hopkins County, where they resided for several years. In the month of February, 1904, they separated, the respondent about two months later going to Monroe, Louisiana, where he has since resided. The relator instituted a suit for divorce against respondent in the District Court of Hopkins County, in which she also prayed for the custody of their said child. In the month of August, 1904, the divorce suit was tried, and the divorce granted, but, by agreement of the parties, the prayer of the petitioner for the care and custody of the child was waived, and the court made no adjudication thereon. At the time respondent had the child in the State of Louisiana, having placed him with his sister, Mrs. J. H. Baker, the wife of J. H. Baker, who resided at or near Delhi, Louisiana; but, accepting the evidence of relator, we find that respondent agreed with relator that, if she would not have her right to the care and custody of the child adjudicated in the divorce suit, and would let him take the child and place him in the keeping of his sister, Mrs. Baker, she should still have control of the child, and might resume the actual custody of him whenever she desired to do so and called for him, or that respondent, whenever requested by relator, would carry the child to her. Neither Mrs. Baker nor Mr. Baker, with whom the child was left, assumed any responsibility as to its education, support and maintenance.

"Relator was married to her present husband, R. E. Gregory, August 2, 1905, and at the time of the institution of this suit they resided and were domiciled in the City of Louisville, in the State of Kentucky. Respondent resided and was domiciled in Monroe, State of Louisiana, and the little boy had been with Mrs. Baker, respondent's sister, in the State of Louisiana, from the time it was placed in her keeping, as stated, until a short time before the institution of this suit, when Mrs. Baker brought him to Dallas, Texas, on a visit to some of her relatives. While Mrs. Baker was visiting with the child in Dallas Mrs. Gregory and her husband also visited that city, and, at the request of Mrs. Gregory, the child was left with her to remain through the night, with the understanding that Mrs. Baker should call the next day and get him. During the night, however, Mrs. Gregory and her husband left, carrying the child with them to Sulphur Springs, Texas, where they were overtaken by respondent, who had been summoned from Louisiana by Mrs. Baker, and the child by him taken from them. Thereupon Mrs. Gregory, joined by her husband, instituted this suit to recover the custody of said child, and the writ issued therein was executed, and the child taken from the custody of respondent while en route with him to Louisiana.

"Question 1. Under the facts stated, did the domicile of the child in question follow that of his father, and was such domicile thereby changed from Texas to Louisiana?

"Question 2. Did the judgment of the trial court in awarding the custody of the child to his mother until he became twelve years of age affect or change the status or domestic and social condition of the child?

"Question 3. If the child's domicile at the time of the institution of this suit was in Louisiana, did the District Court of Hunt County, Texas, have power or jurisdiction to hear and determine, as between relator and respondent, to whom the custody of the child should be awarded?"

We answer the first question that the domicile of the infant followed that of the father, and upon the change of the father's domicile from Texas to Louisiana the infant's domicile was likewise changed. (14 Cyc., p. 843; 1 Wharton's Confl. of Laws, sec. 41, and authorities cited; Trammell v. Trammell, 20 Texas, 407; Franks v. Hancock, 1 Unreported Cases, 554.)

The agreement made between the father and the mother of the child did not have the effect to emancipate the child from the control of the father. The infant's domicile was, in law, still that of the father, notwithstanding the separation and the promises made by Lanning to return the child to the mother at her request.

To the second question we reply, the domestic status of the infant son was that of a member of the family of his father, being in his fathers' custody. The effect of the judgment of the District Court was, for a period of years, to take the son from the family and custody of the father and place him in the family and custody of the mother. This changed his domestic status for the time.

To the third question we answer, the child being in the lawful custody of the father, his domicile was in the State of Louisiana, and the District Court of Hunt County did not acquire jurisdiction of the child by reason of his temporary presence in the State of Texas. That court had no authority to adjudge a change of relation between the father and the child. (Brown on Jurisdiction, 290.)

It appears in this case that there was no unlawful restraint placed upon the child, the only question at issue being the relative right of the husband and wife to the custody of their minor child. Neither of the parties was a resident of the State of Texas, and the question at issue belonged to the jurisdiction of the domicile of the father. (Brown on Jurisdiction, secs. 79, 80; Taylor v. Jeter, 31 Ga., 203; Kline v. Kline, 57 Ia., 389.)