**LOWRY et al. v. SAXTON et al.** (No. 9397.)

Court of Civil Appeals of Texas. Galveston.
Dec. 19, 1929.

Crabb, Dobson & Smith, of Houston, for appellants.

GRAVES, J. In this cause Frank M. Lowry and his mother, Mrs. Eula B. Lowry, the latter having been the intervener below, prosecute their appeal from a judgment awarding the custody of the minor child of appellant Frank M. Lowry and his former wife, now Mrs. Essie Saxton, to the latter, the challenged judgment so far as material being as follows:

"It is therefore ordered, adjudged and decreed by the court that the plaintiff herein, Mrs. Essie Saxton, shall have the care, custody and possession of said minor child, Belvin Lowry, during all school periods and terms, and that he shall remain in custody of plaintiff at all times he is in school; that defendant shall have custody of said minor child during the summer vacations and at such other reasonable times as will not interfere with said child's school attendance, that defendant shall have custody of said child for a period of thirty (30) days from this date, at the expiration of which time defendant is to return said child to plaintiff at Houston in Harris County, Texas.

"It is further ordered, adjudged and decreed by the court that the intervener Mrs. Eula B. Lowry be denied the care and custody of the minor, Belvin Lowry, as prayed for in her plea of intervention herein and that the exclusive custody of said child be awarded as hereinbefore provided."

Conclusions of law, in effect reiterating the provisions thus incorporated in the decree, were thereafter duly filed, pursuant to these findings of fact:

"Plaintiff, Essie Saxton, was formerly the wife of the defendant, Frank M. Lowry, Belvin Lowry, their five year old son is the subject of this suit, and at the time of the trial was with the (m)other.

"The parents were divorced some time during the year 1927, but no award was made of the custody of the child.

"The mother has since married and is now living with her husband. The child has been with the mother from the time of their separation in February, 1927, until the latter part of that year. For a period of 14 months following it was with its father. Since then it has been with the mother.

"I find that either of the parents would be a suitable person to have the control and education of the child, but find as a fact that the best interests of the child require that the permanent custody be placed with the mother, at least during its tender years, and that the father have it with him at reasonable

times and under reasonable circumstances, and that the arrangement provided in the judgment rendered herein is reasonable."

Twenty-one propositions are presented here as embodying grounds for a reversal, but a careful consideration of the record, inclusive of the statement of facts, has convinced this court that no lack of jurisdiction in, nor abuse of its discretion by, the court below has been pointed out.

The objections to the jurisdiction in Harris county over the child and over the person of appellant Frank M. Lowry, respectively, that the former's merely temporary presence there at the time of this proceeding had been obtained by fraud—its lawful domicile being then at Del Rio in Val Verde county—and that the latter had been haled into court "through the instrumentality of a writ of injunction without citation being served upon him as required by law," are obviously not well taken. As concerns the child, two assumptions not appearing to have been established facts are made, first, that the child's presence within the court's territorial jurisdiction had been obtained by fraud, second, that its lawful domicile at that time—as between the rival claims of the mother and father to its custody—was in Val Verde county. No fraud upon the court whatever is shown, it merely being testified to by Frank Lowry that, following the 14-month period the court finds he had kept the child with him, the mother took it by agreement with her to Houston under promise that he might have it back with him in Del Rio at the expiration of six weeks, and failed to keep that promise, filing suit instead against him at Houston for its custody. He neither alleged nor testified to any legal action nor inter sese agreement with his former wife—she having in the meantime married another husband and established a new residence in Harris county— making his home in Val Verde county the lawful domicile of the child. On the contrary, his former wife's direct testimony and the trial court's finding, at least by plain implication, affirmatively negativing the existence of either, he depends alone for this second assumption upon a supposed legal presumption that being its father, his own domicile was also that of the child, citing in support such cases as Lanning v. Gregory, 100 Tex. 310, 99 S. W. 542, 10 L. R. A. (N. S.) 690, 123 Am. St. Rep. 809.

In our opinion the Gregory Case is not in point because not at all based upon the legal equivalent of the state of facts here obtaining. There the father and mother were both residents of other states, she of Kentucky with her new husband, he of Louisiana, where he had lawful custody of the child of their former marriage. While the child was temporarily on a visit to Texas, in litigation then occurring here between its parents over its custody, our Supreme Court merely held that, both parents being at that time nonresidents of Texas, each living in a different other state, and the child being in the lawful custody of its father who was domiciled in the state of Louisiana, the courts of this state did not in such circumstances acquire jurisdiction by reason of its temporary presence here to adjudge a change in the relation between it and its father, the question belonging to the courts of the father's domicile, the state of Louisiana.

■ That situation is a far cry from this one; these parents were both residents of Texas, albeit living in different counties, hence no conflict between the state jurisdictions was involved. Furthermore, there having been no prior court action nor personal agreement between them relating to the matter, since they were not longer living together and the mother had married again, under the law of this state their rights in the control and custody of the child were equal, and the mother at the time legally had it with her in Harris county. R. S. art. 4118; Spear's Law of Marital Rights in Texas, 1916 Edition, pars. 79 (page 102) and 556 (page 718); Boyd v. Boyd (Tex. Civ. App.) 157 S. W. 254; Gulf, C. & S. F. Ry. Co. v. Redeker, 75 Tex. 310, 12 S. W. 855, 16 Am. St. Rep. 887.

■ The jurisdictional protest is equally ineffective as concerns appellant Frank M. Lowry himself; he was in Harris county at the time, was duly served with the writ of injunction referred to, and thereafter—notwithstanding the alleged lack of citation in the cause against him—not only submitted himself to the jurisdiction of the court by appearing, fully answering, and contesting the case on its merits throughout the trial, without raising any objection as to not having been cited to appear, but also further appeared by two separate motions for that purpose after the judgment against him had been rendered, and procured its correction by having recitations incorporated to the effect that notice of appeal had been duly given, and that the temporary injunction theretofore granted had been dissolved; if there ever could have been any right involved in this protest it was waived.

■ The many presentations as to alleged error in the overruling of general and special exceptions get nowhere, because the record fails to show that any action was taken on any of them; the presumption upon appeal is that all were abandoned.

■ The claim for reversible error in the admission of testimony from Mrs. Saxton to the effect that she "owned a home in Del Rio," "still owned property, and had sufficient income to take care of the child," etc., on the respective grounds that the first statement constituted secondary evidence, in the absence of any showing as to why her deed to the home had not been offered, and that the sec-

ond one was a mere conclusion of the witness, is devoid of merit. She could testify to owning a home without exhibiting the deed to it, there being no question involved as to the title to the property she held as such, and the statement of facts discloses that she fully detailed to the court the facts upon which she based her testimony as to having property and being in position to support, rear, and educate her child.

Neither, after reviewing the statement of facts, can we find any basis for the contention that the findings and judgment of the learned trial court are so against the weight of the evidence as to be clearly wrong; on the contrary, this court became convinced therefrom that they were so amply supported as to be plainly right in every respect.

The concluding suggestion that the terms of the judgment are so contradictory and uncertain as to render it void are equally without merit. Further discussion is deemed unnecessary; the judgment will be affirmed.

Affirmed.