**CUSACK v. CUSACK et al.**

No. 10319.

Court of Civil Appeals of Texas. Galveston.

May 27, 1937.

Dissenting Opinion June 24, 1937.

Rehearing Denied July 1, 1937.

Dissenting Opinion July 7, 1937.

J. W. Ragsdale, of Victoria, and Carter & Lewis, of San Antonio, for appellant.

H. W. Wallace and Crain & Hartman, all of Cuero, and Greenwood, Moody & Robertson, of Austin, for appellees Thornton Hamilton et al.

Ann Hamilton Cusack, pro se.

W. NOBLE CARL, Special Associate Justice.

Appellant, Charles Cusack, filed in the district court of De Witt county, Tex., his petition for a writ of habeas corpus against Ann Cusack and Thornton Hamilton and wife for custody of his minor children.

Appellant alleged, in substance: That Ann Cusack sued him in the superior court of Los Angeles, Cal., for divorce and custody of the children of their marriage; that on October 19, 1934, the California court denied the divorce and divided the custody of the children between Mr. and Mrs. Cusack; that appellant filed an application in the California court, alleging that Ann Cusack had neglected the children since the order of October 19, 1934, and praying that she be enjoined from removing them from the court's jurisdiction and that proper order be made for their custody; that in answer to said application Ann Cusack appeared and denied under oath that she intended to remove the children permanently from the court's jurisdiction and prayed for permission to take the children to Texas for the Christmas holidays; that the California court set the hearing on the merits for January, 1935, and enjoined both Ann Cusack and appellant from taking the children out of Los Angeles county; that on December 18, 1934, the date of the injunction, Ann Cusack left California and brought the children to Texas; that on December 19, 1934, the California court set aside all orders dividing the custody of the children and awarded their custody to Mr. Cusack, and on January 17, 1935, entered final judgment awarding custody of the children to Mr. Cusack; that the decrees of the California court were valid, and he therefore invoked the full faith and credit clause of the Constitution of the United States (article 4, § 1).

Appellant further alleged that the domicile of himself and his children was in California, and that the children were brought to Texas illegally and against his consent, and prayed that possession of the children be restored to him. By supplemental petition he alleged his fitness and appellee's unfitness to have custody of his children, and prayed that he be awarded their custody.

Mr. and Mrs. Hamilton, who had previously filed suit in De Witt county, Tex., for custody of said children, pleaded their prior suit in abatement, filed special exceptions, and alleged their fitness and Mr. Cusack's unfitness to have said children. Mrs. Cusack's pleadings were in substance the same as those of Mr. and Mrs. Hamilton.

On February 28, 1935, this cause came on for hearing, and the trial court invited argument as to the jurisdiction of the court, and at the conclusion of the argument dismissed the petition. Appellant took exceptions to the court's ruling and offered evidence to prove the matters alleged in his petition, which the trial court refused to consider.

The trial court erred in dismissing the petition and in excluding the proof offered.

 The evidence offered by appellant as to the domicile of the children was admissible. If the children's domicile at the time of the institution of this suit was in California, the district court of De Witt county, Tex., should not hear evidence and determine to whom the custody of the children should be awarded, but should order them delivered to their father. Lanning v. Gregory, 100 Tex. 310, 99 S.W. 542, 10 L.R.A.(N.S.) 690, 123 Am.St.Rep. 809.

 The certified copies of the proceedings of the California court were admissible. If the judgment of that court was conclusive of the rights of the parties in California at the date of its entry, it must be accorded the same effect in Texas, under article 4, § 1, of the Constitution of the United States. Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946, 75 S.W. 368, 97 Am.St.Rep. 928.

 If the trial court should find that the children are domiciled in Texas, then it shall proceed to hear the evidence and pass only on the rights of the parties to the custody of the children by reason of the change in conditions affecting the minors' welfare since the last valid judgment of the California court.

 This court cannot render judgment for appellant on evidence excluded by the trial court, though it might have been justified in so doing if the evidence excluded had been admitted. Abbott Oil

Co. v. San Antonio Brewing Association, 104 Tex. 574, 141 S.W. 517.

Reversed and remanded, Chief Justice PLEASANTS dissenting.

GRAVES, J., did not sit in this case.

PLEASANTS, Chief Justice (dissenting).

When the opinion of the majority of this court was delivered and its judgment entered, I announced my dissent from the conclusions expressed in the majority opinion. (As shown by the record, Justice GRAVES recused himself because of disqualification. Justice CODY and the writer being unable to agree upon a decision of the material questions presented by the record, and these facts being certified to the Governor, Mr. Carl, a prominent lawyer of Galveston, was duly appointed special justice to take the place of Justice GRAVES.)

For a clearer understanding of the rulings and judgment of the trial court, the statement contained in appellant's brief is supplemented by the following undisputed facts which are shown by the record:

The pleadings of appellant, upon which the judgment of the trial court was rendered, after alleging his marriage with Ann Hamilton in 1924, which relationship was existing at the time of the filing of this suit, further alleges the names and ages of the three children, the right to whose possession forms the subject matter of this suit; and that, the domicile of plaintiff and his said wife being in the state of California in February, 1934, the said Ann Hamilton Cusack filed suit in the superior court of Los Angeles county, Cal., against this plaintiff, Charles E. Cusack, for divorce and for the custody of their minor children; that appellant, Charles E. Cusack, answered said suit and by cross-complaint prayed for divorce from Ann Hamilton Cusack and for judgment awarding the care, custody, and control of their minor children to him; that said suit for divorce and custody of minor children was tried and judgment was entered therein on October 19, 1934, denying the prayers of the parties for divorce and awarding the care, custody, and control of the children to Ann Hamilton Cusack "until the further order of the Court," subject to the right of Charles E. Cusack to have said children with him on weekends and during the summer vacation;

that on December 12, 1934, Charles E. Cusack filed an affidavit and application in said divorce suit praying "that said Court modify said order and judgment relating to the custody of said children and issue a restraining order restraining his wife, Ann Hamilton Cusack, from taking said children out of the jurisdiction of the California Court"; that said Charles E. Cusack thereafter filed a supplemental affidavit and application alleging that Ann Hamilton Cusack was not a fit and proper person to have care and custody of said minor children and praying that the care, custody, and control of said minor children be awarded to him; that an order to show cause was issued on the affidavit and application and served on Ann Hamilton Cusack; that Ann Hamilton Cusack appeared in said court and answered the affidavit and application so filed by Charles E. Cusack, and in her answer prayed that the court enter an order permitting her to remove said children to Cuero, Tex., for the Christmas and New Year holidays; that on December 18, 1934, the affidavit and application so filed by Charles E. Cusack and the answer of Ann Hamilton Cusack thereto came on for hearing; that on the hearing the court made an order denying the prayer of Ann Hamilton Cusack for an order allowing her to remove the children from the state of California during the Christmas and New Year holidays, and providing that said children were to remain in her custody pending a further hearing to be had on said application on January 15, 1935, except that Charles E. Cusack was to have the children with him during certain days in December, 1934, and further providing that the parties were enjoined from removing the children from Los Angeles county, Cal.; that on the night of December 18, 1934, Ann Hamilton Cusack removed said children from Los Angeles county, Cal., to Cuero, Tex., in violation of the restraining order entered by the court on that date; that on December 19, 1934, the superior court of Los Angeles county, Cal., made an order in said divorce suit setting aside the previous orders entered in that case concerning the custody of said children, and giving Charles E. Cusack the exclusive custody and control of them; that on January 15, 1935, the superior court of Los Angeles county, Cal., proceeded to hear and determine in said divorce suit the applications of the parties concerning the custody of said chil-

dren and entered an order giving complete custody, care, and control of said children to Charles E. Cusack; that the superior court of Los Angeles county, Cal., had full jurisdiction of said children and the matters in controversy as to their care, custody, and control; that "said orders, judgments and judicial proceedings are entitled to full faith and credit under the Constitution and laws of the United States"; that "the matter as to the care, custody and control of said three minor children has been legally adjudicated, as set forth in said orders and judgments, and said matter is res adjudicata"; that Charles E. Cusack is a fit and proper person to have the care, custody and control of said minor children; that Ann Hamilton Cusack is not a fit and proper person to have the care, custody, and control of said minor children; that the legal domicile of Charles E. Cusack and Ann Hamilton Cusack and said children is Los Angeles county, Cal.; that said children were illegally and unlawfully removed from the state of California and their presence in De Witt county, Tex., is temporary, illegal and unlawful; that Thornton Hamilton and Mary Agnes Hamilton testified by deposition in said divorce suit and sought to obtain a judgment in said suit awarding the custody of said children to Ann Hamilton Cusack; that Thornton Hamilton and Mary Agnes Hamilton have aided and abetted and assisted Ann Hamilton Cusack in taking said children from the state of California and are unlawfully withholding the custody of said children from Charles E. Cusack; that the parties to the suit are estopped to deny the validity of the orders and judgments of the superior court of Los Angeles county, Cal.

As stated in the majority opinion, when this cause came on for hearing on February 28, 1935, the trial court invited argument upon the question of the jurisdiction of the court, and upon the conclusion of the argument dismissed the suit. The truth of the recitals in the judgment of the court dismissing appellant's suit is not questioned by appellant. These recitals are as follows:

"The plaintiff's counsel asserted and contended. that neither the district court of De Witt County, Texas, nor the Judge. thereof, has any jurisdiction in this cause: to pass upon or determine the issues as to whether or not the plaintiff, or Thornton Hamilton and Mrs. Mary Agnes Hamilton or Mrs. Ann Hamilton Cusack, at the time of this trial, is a fit and suitable person to whom to award the custody of said minor children; but asserted and contended that because now and at the time of the entry of said California orders or judgments, the State of California was and is plaintiff's domicile and residence, and also the domicile and legal residence of said minor children, and also because said children were illegally brought into the State of Texas contrary to the restraining order of the California court, and also because said California court had properly taken jurisdiction of said children and the matter of who was a proper custodian for them, and also because said matter was pending in the California court, and also because the allegations of changed conditions are insufficient as a matter of law to raise an issue, and also that the sole jurisdiction of this court in this cause is to carry out and execute the orders and judgments of the Superior Court of California and give full faith and credit thereto, and to place said three minor children in the possession of the plaintiff, Charles E. Cusack, as ordered and decreed by the Superior Court of California, as alleged by him in his petition. And, in the argument by plaintiff's attorney, he stated that the introduction of testimony by the parties on the question of their relative fitness for the custody of said children ought to be avoided if possible, on account of its nature, and that it would be very ugly on both sides and if the plaintiff was correct in his contentions and if, on appeal, plaintiff's position should be sustained, then the introduction of the bitter testimony as to the relative fitness, character and conduct of the respective parties would prove to have been properly avoided, and, therefore, plaintiff's counsel asked the court to hold that the California judgments, orders and decrees, and plaintiff's other contentions as herein set out, were decisive of the issues in the case and to adjudge that plaintiff is entitled to the custody of said children, and stated that if such judgment should be sustained the controversy would be at an end, but, if, on the other hand, such contention of the plaintiff should be overruled, the judgment would then be reversed and remanded, and on remand the issues as to the relative fitness of the respective parties could be tried; and that if testimony on such issues should now be introduced, and the appellate court should hold

that the California orders, judgments and decrees, and plaintiff's other contentions, as herein set out, were decisive of the case, the court would have uselessly consumed many days in taking testimony on the question of the relative fitness of the respective parties to have the custody of said children; and requested the court to enter judgment, based on the California judgments, orders and decrees, in favor of plaintiff."

It is perfectly clear from the unquestioned recitals in the judgment of the trial court above set out that the right of appellant to his writ of habeas corpus was submitted to the determination of the court upon the sole question of whether upon the facts of this case the court had jurisdiction to pass upon the issue of the adverse claims of the parties to the proceedings as to their respective fitness for the custody and care of the innocent and unfortunate children whose welfare was entitled to the highest and controlling consideration of the court.

Having thus presented his case to the trial court, it is wholly inconsistent for him to now claim that he offered evidence on the question of the fitness of appellees Hamilton for the care and custody of these children.

In my opinion, the trial court correctly held that he had jurisdiction to decide the question of the fitness of the respective claimants to the custody and care of these children.

When Ann Hamilton Cusack fled from her husband and abandoned her home in California and brought these children with her to the home of her parents in Cuero, Tex., the judgment of the California court awarding her the custody of the children was still in force, and as soon as she reached her parents' home her domicile there became the domicile of her children, and gave the trial court the right to hear and determine the controlling question of the welfare of the children as between the adverse claimants for their custody. When she fled from California with her children, she violated a temporary order of the California court not to remove them from its jurisdiction until the final determination of a motion filed in that court by appellant, asking that the former judgment of the court giving Mrs. Cusack the custody of her children be set aside and appellant be entrusted with their custody, and was in contempt of court. While this violation of the order of the California court subjected her to punishment for contempt of the court, such conduct on her part did not destroy the jurisdiction of the Texas trial court to hear and determine the question of the fitness of her parents, as against her and her appellant husband, for the custody and care of her children. People ex rel. Wagner v. Torrence, 94 Colo. 47, 27 P.(2d) 1038, 1039.

I do not think any of the cases cited by appellant sustain his contention that the trial court had no jurisdiction to determine the question of the respective fitness of the adverse claimants in this case for the care and custody of the children.

The case of Lanning v. Gregory, 100 Tex. 310, 99 S.W. 542, 10 L.R.A.(N.S.) 690, 123 Am.St.Rep. 809, cited in the opinion of the majority, is not in point. In the cited case, there had been no adjudication as to the custody of the child when Lanning and his wife, who afterwards became Mrs. Gregory, obtained their divorce. Lanning lived in Louisiana and Mr. and Mrs. Gregory in Kentucky. Mrs. J. H. Baker, a sister of Lanning, brought the child with her on a visit to Dallas, Tex., and Mrs. Gregory, who was also visiting Dallas at that time, met Mrs. Baker at the home of a mutual friend and requested Mrs. Baker to let her have the child during one night, and telling her she could call the next day and get him. During the night, however, Mrs. Gregory and her husband left Dallas, taking the child with them to Sulphur Springs, Tex., where they were subsequently found by Mr. Lanning, the child's father, who had been called from Louisiana by his sister when she found that the child had been taken away from Dallas. When Lanning demanded the possession of the child, Mrs. Gregory and her husband brought habeas corpus proceedings in Hunt county, Tex., where they then had the child. In answer to certified questions from the Dallas Court of Civil Appeals, the Supreme Court held, in substance, that upon the facts of the case as above stated the domicile of the child was that of its father, and that no agreements that may have been made by the father with the mother could have the effect to emancipate the child from the control of its father, and that, the child being in the lawful custody of his father, whose domicile was in the state of Louisi-

ana, the Texas court did not acquire jurisdiction because of the temporary presence of the child in the state of Texas. The inapplicability of the ruling in the Lanning Case to the facts of this case is, I think, so manifest as not to require further discussion.

As I understand and interpret this record and the law applicable to the facts of this case, unless the evidence offered by the appellant upon the question of the fitness of the grandparents as against either of the parents of the children was such as to require at our hands a reversal of the judgment entrusting the appellees, Mr. and Mrs. Hamilton, with the custody of these children, the judgment of the trial court should be affirmed.

The only evidence offered by appellant on this issue (this was not offered until after the court had ruled on the jurisdictional question) was attached as exhibits to appellant's petition for a writ of habeas corpus. These exhibits cover more than 60 pages. Each of them purports to be a copy of some paper filed, order entered, or proceedings had in the original divorce case, and will not be set out in this opinion. In the main, they are a nauseating repetition of charges and counter charges made by the appellant and his wife against each other in the divorce proceeding, and the subsequent proceedings had in the California court on the motions presented in that court by appellant seeking to obtain a divorce from Mrs. Cusack, and to have the custody of his children given to him. None of these exhibits have any material bearing upon the question of the relative fitness of the appellees, Mr. and Mrs. Hamilton, for the care and custody of the children.

The judgment of the California court granting appellant's motions for divorce and the custody of his children contains no recital of the facts upon which the motions were granted, nor is there anything in the exhibits tending to show any change in his character and habits after the judgment of the trial court in the original divorce suit a few months previously had found him unfit for the care and custody of his children and not entitled to a divorce from his wife. In this state of the record, I can see no error in the refusal of the court below to change his former judgment giving the custody

of the children to the appellee grandparents.

The writer is in accord with most, if not all, the propositions presented in the able and exhaustive briefs and arguments of counsel for appellees. It would unnecessarily lengthen this opinion to set out and discuss all of these propositions and the authorities cited in their support. I will, however, upon the main contention in appellant's brief, close this opinion with a quotation from the opinion of the Supreme Court of the state of Colorado in People ex rel. Wagner v. Torrence, supra. The facts in the cited case as set out in the opinion are, upon the question of jurisdiction, identical with the facts of the instant case. In the opinion in the case cited the Colorado court says:

"The court fixed a new status for the children, not on any showing that their welfare required a change of custody, but as a part of the punishment of respondent for contempt and to maintain the authority of the court whose order had been violated. Is the interest and welfare of the children to be thus determined and possibly jeopardized on account of parental indifference to an order prohibiting removal from the state? We think not. *It was not this brand of judgments that the Federal Constitution meant should have credit in a sister state* (Const. U.S. art. 4, § 1). An enraged father, knowing the children were somewhere in Colorado, as he says in his affidavit, set out armed with this thing he thought was a judgment, to tear these children of tender years from the arms of their mother, and expecting to do so on evidence that their hands and feet were dirty and chapped. He produced no other evidence as to their condition for the record. Here he was met face to face with the state, the third party in interest in cases of this character, ready to administer to the protection of the helpless child found within its borders. *This jurisdiction does not depend on the domicile of the parents, neither does it stand by for a judgment of another state, but, if either was required for jurisdiction, it was amply met here.* The mother had the legal custody of the children when she crossed the Wisconsin border and that remained with her when she settled in Colorado. *Violation of the removal order did not of itself defeat her custody. It subjected her to punishment for con-*

*tempt.* When she domiciled in Colorado, it became the domicile of the children. The petitioner admitted her residence in Colorado by his answer to the return to the writ. As to the judgment of a sister state, if the Colorado court was· required, under this state of facts, to give faith and credit to a Wisconsin judgment, it would recognize the order and judgment of February 3, 1930, of that court when respondent, mother, was present in court with the husband. The children were then in the jurisdiction of the court, which gave her their care and custody." (Italics ours.)

In my opinion, for the reasons before indicated, the entire judgment of the court below should be affirmed.

### On Motions for Rehearing.

**W. NOBLE CARL, Special Associate Justice.**

■ This court can no more affirm than reverse and render the judgment of the trial court in the absence of evidence. That no evidence was permitted to be introduced in the trial court is apparent from the absence of a statement of facts here, from the recitals of the judgment of the trial court, and from appellant's bill of exceptions. The fact that appellant argued in the trial court that the court was without jurisdiction to do more than enforce the judgment of the California court was no' waiver on his part of the right to be heard on the question of the relative fitness of the parties, in case such court ruled against him. Indeed, it appears from the recitals of the judgment of the trial court that appellant, in effect, was contending that it would be time enough to go into the question of the relative fitness of the parties in case his theory, which he was urging upon the trial court, was not upheld on appeal, and the case was sent back for trial on the merits.

There is no evidence before this court upon which it can determine the domicile of Mrs. Cusack at the time of the trial or that of Mr. Cusack, or who at any given time had lawful custody of the children so as to fix their domicile. Even the allegations of the pleadings are in conflict on this issue, should we be authorized to look to them, instead of awaiting the introduction of evidence.

■ The action of the trial court in dismissing the suit after he determined he had jurisdiction upon the ground stated in the judgment is fundamental error. After determining he had jurisdiction to try the case on the merits, he would have been justified, so it seems to the majority, in dismissing the suit only after calling the case for trial, and after appellant's refusal to prosecute his suit, or conduct on appellant's part tantamount to such a refusal. Appellant is here complaining that he had no trial, either in form or substance.

■ Appellees Thornton Hamilton et ux. have misconstrued our former opinion. This court did not pass on the validity of the judgment of the California court, for the evidence concerning same was excluded by the trial court and is not before us.

Motion of appellant for rehearing overruled.

Motion of appellees Thornton Hamilton et ux. overruled, Chief Justice PLEASANTS dissenting.

Motion of appellee Ann Hamilton Cusack overruled, Chief Justice PLEASANTS dissenting.

**PLEASANTS, Chief Justice (dissenting).**

The majority opinion on appellant's motion for rehearing which has been refused by a unanimous court, except as to the question of the fitness of appellees Hamilton for the custody of the minor children, hardly requires an answer by the writer.

The writer has never held that when the court below dismissed the writ of habeas corpus appellant might not by proper pleading and proof attack the holding of the trial court on the issue of the fitness of appellees Hamilton for the custody of their minor grandchildren, but no such pleading or evidence was then presented to the court.

The pleadings are not in conflict on the issue of the lawful custody of the children at the time they were brought by their mother to the home of their grandparents in De Witt county, Tex. Appellant's petition for writ of habeas corpus expressly admits that the lawful custody of the children was then in Mrs. Cusack.

As the writer has stated in his first dissenting opinion, it seems clear to him

that the record fails to show any error in the judgment of the trial court that requires or authorizes a reversal of the judgment. This does not mean that appellant may not upon proper pleading and evidence in the court below have the issue as to the custody of these children again heard and determined, but such hearing can only be had in the Texas court.