**WORDEN et al. v. WORDEN**
No. 4642.

Court of Civil Appeals of Texas. El Paso.
April 27, 1949.

Rehearing Denied May 18, 1949.

Burt Barr, Earl R. Parker, Dallas, for appellants.

George C. Cochran, John Touchstone, Dallas, for appellee.

PRICE, Chief Justice.

This is an appeal from the judgment of a district court of Dallas County, 14th Judicial District, in a habeas corpus proceeding involving the custody of a minor child. In the proceeding Mary Worden was Relator, and Ithiel Worden, her husband, and Sue Worden, were Respondents. The trial was before the court without a jury. The judgment was that Ithiel Worden, Jr., the child, be restored to the custody of his mother, Mary Worden, Relator, as such custody existed on November 10, 1948, prior to the seizure of such child by the Respondent Ithiel Worden, without prejudice to any right of such Respondent to apply to any court of competent jurisdiction in the State of Virginia for such relief to which he might be entitled. The judgment further required that the bond required of Relator for taking the minor out of the state be set at $1500.00.

The action of the trial court is assailed by two points of error, as follows: Point 1: The court erred in overruling Respondent's Motion to Dismiss said cause of action from the docket of the court for the reason that a wife is not entitled to legally maintain such a cause of action against her husband. Point 2: Since the determination of the custody of the child between the parents is only an incident to a divorce action, the court erred in entertaining a suit for the custody of the child between the parties, who are husband and wife.

The facts in this case are practically undisputed. Respondent Ithiel Worden and Relator Mary Worden are and were at all relevant times husband and wife. Ithiel Worden, Jr., their minor son, is an infant about nineteen months of age. Respond-

ent and Relator were married on August 6, 1946. Subsequent to that time they removed to the city of Dallas. In May, 1948, they were living in a house belonging to Respondent Sue Worden, the mother of the other Respondent, with their minor child. On or about the 22nd day of July, 1948, Relator took her child and proceeded on the train to Arlington, Virginia, the home of her parents, where she has been living at all subsequent times. On November 10, 1948, in the city of Arlington, Va., Relator and her mother were going home from a store. Her child was about twenty feet ahead of them when a car drove up bearing a Texas license. In this car was Respondent Worden, who jumped out of the car, grabbed the child, took it back into the car and drove off without speaking a word to Relator or her mother. The child was taken without the consent of Relator. Relator, in July, took the child to Arlington, Virginia, without the consent of Respondent.

Prior to Relator taking the child to Virginia there had been some lack of harmony between Respondent and Relator. Relator testified that Respondent was addicted to the use of intoxicating liquor; that he drank something every day if he could get his hands on it; that he had threatened bodily injury against her. Relator further testified that she could not live with Respondent and was not going to. There was evidence of conduct of Ithiel which would justify a finding of cruel treatment of such a nature as would warrant a divorce between Relator and Respondent.

■ If Respondent's treatment of Relator was such as to justify a divorce, it justified her separation from Respondent, and after such separation it gave her right to acquire a new domicile. 15 Tex.Jur. par. 102, pp. 575-6-7.

One of the questions in this case, however, is if she did acquire a domicile in Virginia, did Virginia become the domicile of the child? The trial court evidently adopted this view at the time it entertained jurisdiction, to determine the possession of this child between the parties. It was the theory of Relator that only this jurisdiction should be exercised and perhaps could

not be exercised to determine custody. Relator had an alternative prayer if the court did exercise jurisdiction, that the child be awarded to her. It was and is the theory of Respondent that the court should have dismissed the suit because Relator did not have legal capacity to sue her husband.

The trial court must have adopted one of two theories in the matter—either that the domicile of the child was in Virginia and that the Texas court was without jurisdiction to determine the custody of the child or that respondent acquired possession of the child by an illegal act in Virginia and that comity toward the Virginia Courts dictated that the controversy as to custody be there determined. In our opinion this case was disposed of by the trial court on a fundamentally erroneous legal theory. For this erroneous theory the Relator contended. Furthermore, it is our opinion that the view of the Respondent was fundamentally erroneous.

We shall first take up Respondent's view. It is true that aside from cases where property rights are involved, that a husband may not sue a wife or a wife a husband, save for a divorce. Nickerson v. Nickerson, 65 Tex. 281. Of course either party has a legal capacity to institute an action seeking a divorce. In Such action for divorce the right of custody to the minor children born of such marriage may be determined. Art. 4639, R.S.1925; 15 Tex.Jur. 105, p. 580.

In our opinion the content of the right as between parents of the custody of a minor is the power to act as guardian of the person of such minor child. Art. 4118 of Vernon's Texas Civil Statutes is as follows:

"If the parents live together, the father is the natural guardian of the person of the minor children by the marriage. If one parent is dead, the survivor is the natural guardian of the person of the minor children. * * * The rights of parents who do not live together are equal; the guardianship of their minor children shall be assigned to one or the other, taking into consideration the interest of the child alone."

Time after time where the parents have been divorced the courts have determined on habeas corpus proceedings the right to the custody of minors. We have been cited to no precedent where this issue has been determined on habeas corpus where the marital relation still subsisted. However, it may be that in a divorce action where neither party was awarded a divorce the court may have the power to award the custody as between them. Defee v. Defee, Tex.Civ.App., 51 S.W. 274; Ex parte Badger, 286 Mo. 139, 226 S.W. 936, 14 A.L.R. 286.

An action between parents to obtain the custody of a minor is an action in rem. In such a case the status of the infant is determined.

"The principle underlying jurisdiction of the subject matter in child custody cases is the welfare of society, primarily as evidenced by the welfare of the child, but involving also the right, and, for that matter, the duty, of a state, being the relatively independent sovereign that it is, to look after the welfare of individuals within its borders." Wicks v. Cox, Tex.Sup., 208 S.W.2d 876, 878.

In a proceeding between parents involving the custody of a minor child the court may, if the welfare of the infant demands and each be unfit, make an award of the custody to one not a party to the litigation. 15 Tex.Jur., par. 166, p. 670.

There is no law in this state compelling a husband and wife to reside together as such. They may permanently separate by agreement, by action of either party refusing to live with the other. In the event of their so living separately and apart there is a compelling reason that there be a proper guardian of the person of their minor children. We are constrained to believe that under Art. 4118 of the Revised Statutes, heretofore quoted, their rights to the guardianship of the person are equal. However, an unqualified right is not given to either party. If each party is fit, the terms of the statute are that the interests of the child alone shall determine. To determine the custody of

the child the State is a virtual party in its capacity as Parens Patriae.

▇▇▇ The Relator had the legal right to maintain this action on behalf of her minor son for his custody or possession. Ex parte Badger, 286 Mo. 139, 226 S.W. 936, 14 A.L.R. 286.

Whether the trial court acted from the belief that its jurisdiction was limited to restoring the possession to Relator and that comity dictated the trial of the custody case in Virginia is of little importance. It must have been the view in either event that the child's domicile was in the State of Virginia. It may have been that the learned trial court was influenced in the disposition of the case by Lanning v. Gregory, 100 Tex. 310, 99 S.W. 542, 10 L.R.A., N.S. 690, 123 Am.St.Rep. 809. In that case it was held that where a child is in lawful custody of the father whose domicile was in Louisiana, although the child was temporarily in Texas, that the courts of Texas did not have the power to determine the relative rights of the father and mother to the custody of the child. In the recent case of Wicks v. Cox, supra, it was held that the technical legal domicile of the child in the state is not essential to give the courts of the state jurisdiction of a child custody case, where the child and the parties are before the court.

However, we shall endeavor to determine the domicile of this child. If this child was lawfully domiciled in the state of Virginia and the father through an unlawful act of violence took the child into Texas, the writer entertains little doubt as to the want of power or the propriety of the Texas courts exercising anything but a limited jurisdiction. Milner v. Gatlin, Tex. Com.App., 261 S.W. 1003; Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551.

Peacock v. Bradshaw, supra, is an illustration of the extent of the jurisdiction of the courts of the child's domicile.

▇▇▇ The domicile of a minor child is ordinarily the same as that of its father. Lanning v. Gregory, 100 Tex. 310, 99 S.W. 542, 10 L.R.A., N.S., 690, 123 Am.St.Rep. 809.

Even though a wife justifiably leaves her husband and takes up her residence in a foreign state, taking with her a minor child, the child's domicile remains that of the father. The above rule is subject to the qualification that where the mother has been appointed guardian of the person of the minor or awarded its custody, that the domicile of the mother would be that of the child. In our opinion the domicile of this minor child is and has been at all relevant times in the state of Texas. This case has been disposed of upon a fundamentally erroneous legal theory. The trial court was of the opinion that it was without jurisdiction to try anything but the right to the possession of this child as distinguished from its custody. In our opinion the trial court had the power and duty to determine the custody of this child between the parties. There was evidence justifying a finding that its parents were not living together as husband and wife, in which case it is the duty of the trial court to assign the custody to one or the other, taking into consideration the interests of the child alone. The question arises as to the jurisdiction of this court to dispose of the case on fundamental error that is unassigned. In the determination of the custody of an infant the welfare of the infant is involved. In such a case the proper awarding of the custody of the minor is a matter of public interest. In view of these considerations we deem it within the power of this court, and the duty of this court, to consider fundamental error. The welfare of this child is of greater moment than the matters in dispute between its parents. It is virtually a party hereto. Ramsey v. Dunlop, Tex. Sup., 205 S.W.2d 979. The judgment rendered settles nothing save the temporary possession of the child. Impliedly it practically dismisses the cause as to the vital issues involved. It relegates the Respondent to the courts of Virginia. There is no guarantee that the infant will ever be present in the courts of Virginia. It may be that Respondent's act in acquiring the possession of this child in the state of Virginia was unlawful. This child's domicile was in Texas at the time the father forcibly acquired possession of him. The wrong of the father did not endow the Virginia courts to determine its custody. Likewise, it is fair to assume from the evidence that

Relator took the child and transported it to Virginia without the consent or knowledge of the Respondent.

It is ordered that the judgment of the trial court be reversed and the case remanded for another trial.