JUSTO SUARES v. J. J. TERRELL, COMMISSIONER.

No. 1613. Decided January 30, 1907.

**1.—School Land—Sale—Settlement—Affidavit.**

Section 4 of the Act of 1905, regulating sales of school land (Acts 29th Leg., p. 162) in requiring settlement within ninety days and affidavit that the applicant has settled on the land within thirty days thereafter, allows only ninety, not one hundred and twenty days, within which to make the settlement required. (Pp. 316, 317.)

**2.—Same—Excusing Delay in Settlement.**

The right to purchase school land as an actual settler, under section 4 of the Act of 1905, is acquired only by settlement within the time prescribed, and this can not be supplied by settlement later with proof of circumstances excusing the delay.    (P. 317.)

Original application by Suares to the Supreme Court for writ of mandamus against Terrell, Commissioner of the General Land Office.

*Rogan & Simmons,* for relator.

*R. V. Davidson,* Attorney-General, and *Wm. E. Hawkins,* Assistant, for respondents.

GAINES, Chief Justice.—The relator, Justo Suares, made application to the respondent, as Commissioner of the General Land Office, for four sections of school lands, and on April 2, 1906, they were all awarded to him. The respondent having canceled his awards for the reason that he did not settle upon his home section within ninety days after the lands were awarded to him, the relator brought this action to compel him, as Commissioner of the General Land Office, to set aside the cancellation and to reinstate his purchase. His reasons for not making his settlement at an earlier day are stated in his petition as follows: "That each and all of said sections of land are situated in the open prairie, with no marks or corners to identify them, and several miles from water, and, before relator could settle thereon, it was necessary to have a survey made to determine their location on the ground; that said lands are about sixty miles from the county site of Starr County, and in which there are no railroads, and communication, except by mail, is expensive and difficult; that within a few days after receiving notice of the award of the designated home tract he applied to the surveyor of said county to locate said land for him; that surveyors are scarce in that section of the State, and because of the demand for their services it is very difficult to employ one, and he did not succeed in procuring the services of a surveyor, nor get his land surveyed and located until about the 12th day of July, 1906; that, immediately after locating the same, he employed a well-borer to bore a well, and also a carpenter to build a house on said premises, so that he and his family could make their settlement; that he hauled his lumber to his said home section about the 14th day of July, but said house was not completed or habitable, and no water was obtained, until about July 28, the day on which he, with his family, moved to and actually took possession thereof as their home; that relator filed affidavit of his said settlement in the General Land Office of Texas August 2, 1906, showing that he had made his settlement on the home section July 28; that afterwards, towit, on the 13th day of August, 1906, the respondent canceled the sale of the three sections of land, which had been by him previously awarded to relator, for the sole reason that the affidavit of settlement showed that settlement was not made within ninety days from the date of the award of the home section, towit, April 20, 1906, and that respondent then rejected his application, which had not been previously acted on, to pur-

chase said section 644, for the same reason he assigned for canceling the awards to the other sections." The facts so alleged are not denied, and must be taken as true.

On the hearing, it was argued by counsel for relator that he had, under the statute, one hundred and twenty days within which to make his settlement and to file his affidavit thereof. But we are of opinion that this position can not be maintained. The provision of the Act of 1905, in relation to this matter, is found in section 4 of that act, and reads as follows: "The applicant shall have ninety days from the date of the acceptance of his application within which to actually settle upon the land so purchased, and he shall, within thirty days after the expiration of said ninety days given within which to make settlement, file in the Land Office his affidavit that he has in good faith actually, in person, settled upon the land purchased by him. Should the applicant fail to make and file the affidavit and proof of settlement, as herein provided, within the time specified, the Commissioner of the General Land Office shall indorse that fact upon his application, canceling the same, and immediately place the same upon the market," etc. (Laws 1905, p. 162.) The argument is based upon the following words in the provision just quoted: "Should the applicant fail to make and file the affidavit and proof of settlement, as herein provided, within the time specified," and it is claimed that "the time specified" means the one hundred and twenty days allowed for filing the affidavit, and that, therefore, if the settlement be made within that time, it is sufficient to save the award from forfeiture. We think, however, the previous part of the provision quoted makes it clear that this was not what is meant. Why say that "the applicant shall have ninety days from the date of the acceptance of his application within which to settle upon the land so purchased" if it was intended to allow him one hundred and twenty days for that purpose? We think the words "within the time specified" should be construed as if the clause had read: "Should the applicant fail to make settlement and file the affidavit and proof of settlement within the time specified for doing each of these acts." So construed, the statute makes it the duty of the Commissioner to forfeit the award when settlement has not been made in the ninety days, and this without exception or qualification.

Notwithstanding the great hardship of the case, we are constrained to hold that the writ of mandamus should be refused, and it is accordingly so ordered.