# NOVEMBER, 1918,

---

GULF, COLORADO & SANTA FE RAILWAY CO. v. T. E. LEMONS ET AL.

No. 2536.  Decided November 6, 1918.

1.—Minor—Removal of Disability—Domicile—Venue—Jurisdiction.

The domicile of a minor, within the meaning of article 5947, Rev. Stats., is in the county where his father resides. The District Court of that county had jurisdiction of his application there to remove his disability of minority; and its judgment so determining was valid and effective, though the minor was then in person in another county to which his father, by virtual emancipation, had permitted him to remove, reside there, and there pursue his own livelihood. (Pp. 246-251.)

2.—Jurisdiction—Presumption.

Whether in a special proceeding, like that to remove a minor's disability, not supported by the presumptions usually upholding judicial proceedings, the

recital, on the face of the proceedings, of facts, which sustain the jurisdiction can be collaterally impeached, is questioned but not determined. (P. 251.)

### 3.—Cases Discussed.

Russell v. Randolph, 11 Texas, 465; Franks v. Hancock, 1 Texas U. C., 561; Lanning v Gregory, 100 Texas, 310; First State Bank v. Fain, 157 S. W., 454; Hardy v. De Leon, 5 Texas, 211; Brown v. Boulden, 18 Texas, 431; Durrill v. Robison, 138 S. W., 107; Pearson v. West, 97 Texas, 238; Legate v. Legate, 87 Texas, 248, cited with approval. (Pp. 248-250.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Parker County.

Lemons sued the railway company for personal injuries and sought to set aside a settlement therefor made by his guardian, during his minority, under order of the probate court. In reply to a plea of defendant setting up ratification of this settlement by him, after a judgment removing his disability of minority, he attacked that judgment as void because the proceeding was in a county other than his domicile. He recovered judgment and this was affirmed on appeal by defendant, who thereupon obtained writ of error. The rulings involved only the validity of such judgment removing plaintiff's disability.

*Terry, Cavin & Mills, H. C. Shropshire,* and *Lee & Lomax,* for plaintiff in error.—That by appropriating and disposing of property plaintiff ratified settlement. Houston E. & W. T. v. Ferguson, 73 Texas, 344; Roberson v. Tonn, 76 Texas, 542; Stewart v. Houston & T. C., 62 Texas, 246; Jones v. Phoenix Bank, 8 N. Y. App., 228; Kennedy v. Baker, 28 Atl., 252; Wheaton v. East, 26 Am. Dec., 251; Woerner on Guardianship, pp. 175, 293, 294.

On the proposition that the minor, in contemplation of law, resided in Parker County, where his father lived, regardless of where the minor at that time may have been living. Cyc., vol. 34, p. 1645; Hart v. Lindsey, 17 N. H., 235, 43 Am. Dec., 597; Shattuck v. Maynard, 3 N H., 123; Lanning v Gregory, 100 Texas, 310; Trammell v. Trammell, 20 Texas, 407; Wheeler v. Hollis, 19 Texas, 522; Russell v. Randolph, 11 Texas, 465; Hardy v. DeLeon, 5 Texas, 337; Franks v. Hancock, 1 Unrep. Cas., 554; Hoskins v. White, 32 Pac., 163; Nunn v. Robertson (Ark.), 97 S. W., 293; Cyc., vol. 22, pp. 516-517.

For a removal of disabilities case, on all fours with this, see Young v. Hines (Ark.), 79 S. W., 1062.

That a minor, particularly one of years of discretion, will be estopped to deny material representations made by him, particularly in court. Damron v. Commonwealth (Ky.), 61 S. W., 459; Schmitheimer v. Eiseman (Ky.), 7 Bush, 411; Ingram v. Ison, 80 S. W., 787; Ostrander v. Quinn, 36 So., 257; Holloway v. McIntosh, 51 Pac., 963; Black v. State, 58 Ind., 589; DePriest v. State, 68 Ind., 570.

*Stennis & Wilson,* for defendant in error.—There being allegations and evidence showing that at the time of the proceeding in the District

Court of Parker County to remove the disabilities of minority of the defendant in error, he resided in the County of Dallas and not in the County of Parker and that all the property received by defendant in error and alleged to be the proceeds from the sum paid to said guardian by said railroad was received by him and disposed of before he became twenty-one years of age and that he received no part of said property and received no part, directly or indirectly, of the funds paid by the plaintiff in error or of the proceeds from the investment of such funds after he became twenty-one years of age, it was not error for the court to submit to the jury the issue of residence as affecting said proceedings for the removal of said disabilities and the issue of ratification. Arts. 3499-3502, Rev. Stats.; Brown v. Wheelock, 12 S. W., 111; Cunningham v. Robison, 136 S. W., 441; Durrill v. Robison, 138 S. W., 107; Buckley v. Herder, 133 S. W., 703; Lemons v. Gulf, C. & S. F. Ry. Co., 134 S. W., 742; Bullock v. Sprowls, 54 S. W., 661; Stone v. Ellis, 7 S. W., 349; Middleton v. Pipkin, 56 S. W., 242; Rapid Trans. Ld. Co. v. Sanford, 24 S. W., 587.

The wording of article 5947 and the expression in article 5950 make it clear beyond a doubt that a proceeding of this kind must be in the county where the minor resides, regardless of where his father may reside. We think this is the proper construction of the statute regardless of whether the minor has been emancipated, and to construe it otherwise where the minor has been emancipated and has gone to another county, and has been residing in another county for years, and at the time of the proceeding is living and working in the county where he has established his reputation would be unreasonable. Brown v. Wheelock, 75 Texas, 387; Cunningham v. Robinson, 104 Texas, 229.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

This was a suit by T. E. Lemons, referred to in this opinion as the defendant in error, to recover of the Gulf, Colorado & Santa Fe Railway Company, plaintiff in error, damages for personal injuries sustained by defendant in error when a minor. Defendant in error averred that a settlement had been made of his cause of action for said damages, between the guardian of his estate, acting under an order of the probate court, and the railway company, and sought, by means of a certiorari, to revise the settlement, on certain grounds which need not be here stated.

The plaintiff in error plead, among other defenses, that the defendant in error had ratified the settlement made with it by the guardian, after the disabilities of defendant in error, by reason of his minority, had been removed as prescribed by statute.

Defendant in error alleged, in avoidance of plaintiff in error's plea of ratification, that the proceedings relied on for the removal of the disabilities of defendant in error were void: because had in the County of Parker when he then resided in the County of Dallas.

The trial in the District Court resulted in a verdict and judgment

for defendant in error, which was affirmed in the Court of Civil Appeals, it being held by the latter court that the question was one of fact as to whether defendant in error resided in the County of Parker or in the County of Dallas, when the order was made for the removal of his disabilities, and that the finding of the jury that defendant in error resided in the County of Dallas should not be disturbed, and that, considering the proceedings in Parker County for the removal of the minor's disabilities as void, there was no binding ratification of the settlement of the guardian with the railway company.    Gulf C. & S. F. Ry. Co. v. Lemons, 152 S. W., 1189.

The undisputed evidence disclosed that the father of the minor had his domicile in Parker County, without removing therefrom, from the date of the minor's injury to the date of trial of this cause; that in 1904, when the minor was about eighteen years old, his father had given him permission to go and make a living for himself, and from that date until subsequent to the order removing the disabilities he had worked and boarded at Dallas, receiving his own wages, and paying his own board and other living expenses; that on March 12, 1906, an application was filed for the minor in the District Court of Parker County, alleging that he resided in Parker County, that he was a minor over nineteen years of age, that he owned property, both real and personal, that he was capable of managing his property and had been managing his own affairs for some time and that it was advisable and would be to his interest and advantage, in person and property, to have his disabilities as a minor removed; that he would be twenty-one years old on February 22, 1907; that he and an older brother desired to go into business together at Dallas on May 1, 1906, and he would need money to put into the business; that he owned real estate in Parker County, which he had an opportunity to sell at a good price, and that unless he was enabled to make the sale he could not go into the desired business; that his father was living and resided in Parker County, and the application closed with the customary prayer for notice and for an order removing the minor's disabilities; that on April 3, 1906, a judgment was entered by the District Court of Parker County, reciting that said application coming on to be heard the minor appeared by attorney and the father of the minor also appeared and consented to the application, and it having appeared to the court that the grounds set out in said petition were sufficient, and that the minor was over nineteen years of age, and that it would be advantageous to the minor to have his disabilities removed, it was therefore ordered, adjudged and decreed by the court, that the disabilities of minority of said T. E. Lemons be, and the same were removed, and that the said T. E. Lemons should be deemed and held, for all legal purposes, of full age, and should be held responsible, and should have all the privileges and advantages as if he were of full age, saving only that he should not vote until he arrived at the full age of twenty-one years; that the land referred to in the above mentioned application was purchased by the guardian with $1000

of the money obtained from the settlement of the minor's claim for damages against plaintiff in error; and that defendant in error, subsequent to the entry of the order removing his disabilities, first mortgaged and then sold and conveyed the land, with full knowledge of all material facts and after having had advice of counsel with respect to his rights.

Since the land, which defendant in error mortgaged and sold, was obtained through the contract of settlement in behalf of the minor with the railway company, he could not, with full knowledge, convert the land to his own use, without having imputed to him a ratification of the contract of settlement, unless he was under the disabilities of minority at the time he mortgaged and sold the land. 14 R. C. L., 251; Lemons v. Gulf, C. & S. F. Ry. Co., 63 Texas Civ. App., 524, 134 S. W., 742.

We have concluded, after giving careful consideration to the question, that, on the undisputed facts, the law fixed the venue of the proceedings for the removal of the disabilities of T. E. Lemons, as a minor, in Parker County, and that such order was valid.

Article 5947, Vernon's Sayles' Texas Civil Statutes, provides that the bill or petition, showing the cause or causes which make it advisable or advantageous to a minor to have his disabilities removed, shall be presented by any minor in this State, over the age of nineteen years, who may desire to have his disabilities removed, to the District Court of the county *where he may reside.*

It is certain that the domicile and residence of T. E. Lemons, under any meaning which may be ascribed to those words, was in Parker County until his removal to Dallas and his alleged emancipation: for T. E. Lemons was living in Parker County and that was the domicile of his father. And it is settled law in Texas that the domicile of a minor child is always that of the father and necessarily changes with any change of the father's domicile. Russell v. Randolph, 11 Texas, 465; Franks v. Hancock, 1 U. C. (Posey), 561, 562; Lanning v. Gregory, 100 Texas, 314, 315, 10 L. R. A. (N. S.), 690, 123 Am. St., 809, 99 S. W., 542; First State Bank v. Fain, 157 S. W., 454. The reason for this rule is given by Judge Wheeler in the following language of Judge Story in his Conflict of Laws, section 44: "Minors are generally deemed incapable, *proprio marte,* of changing their domicile during their minority." Hardy v. DeLeon, 5 Texas, 237. Schouler states: "The domicile of origin remains until another is lawfully acquired, and since minors are not *sui juris,* they may not change their domicile during their minority, though they may when of full age." Schouler's Domestic Relations, p. 313.

It is obvious that the disability of a minor to effect a change of domicile by act of his will rests at least in large measure on his presumed lack of capacity to form the intention, which is the all important element in effecting such a change, and the law makes no distinction with respect to this lack of capacity at the varying stages of minority, the

presumption being the same at eighteen years as at eighteen months. Since there is no important difference between the intention required to effect a change of domicile and to effect a change of residence, whenever the word residence is used in the sense of a home fixed by intention, concurring with bodily presence, it must be held that the disability, which prevents the minor, through lack of capacity to have the essential intention, from acquiring a new domicile, likewise prevents him from acquiring such a new residence as is above mentioned. Brown v. Boulden, 18 Texas, 435; Brisenden v. Chamberlain, 53 Fed., 311; In re Canon's Estate, 15 Pa. Co. Ct. R., 312, 314.

It was necessarily determined by this court that the word reside, as used in article 5947, means something different from being merely bodily present, when it was decided in Durrill v. Robison, 138 S. W., 107, that a proceeding for the removal of a minor's disabilities showed upon its face that the minor did not reside in Travis County, because the application showed that the minor came to Travis County for the purpose of having her disabilities removed, and the order granting the application recited that the minor "was temporarily a resident of Travis County."

The word residence not being used in article 5947 to denote the mere place of a minor's bodily presence, and a minor having no residence, separate from his domicile, when the word residence is used in any other sense than the place where one is bodily present, article 5947 fixes the venue of proceedings for the removal of a minor's disabilities in the county in which he has his domicile, and that is the county of his father's domicile.

The reason why the Legislature has prescribed that proceedings for the appointment of a guardian and for the removal of the disabilities of a minor shall ordinarily be in the county of the domicile or residence of the father, and that the father is entitled before all others to be appointed guardian of the estate of his minor child and is entitled to notice of a petition for the removal of the disabilities of minority of his child, is, no doubt, because of the natural affection of the father and his parental obligations and duties. In no other way could the welfare of the child be better safeguarded.

If the father be living in this State, upon him alone devolves the duty of resisting the application, if the true interests of the minor require its defeat. In effect this makes the father, when living in Texas, the sole real defendant in the proceeding, and our construction of this statute accomplishes what is recognized as the principal, general object of our venue statutes, viz: "to bring litigation to the home of the defendant." Pearson v. West, 97 Texas, 243, 77 S. W., 945. Notice is not to be given the father unless he is living within the State, because if he is living without the State our courts would have no jurisdiction, as determined in Lanning v. Gregory, 100 Texas, 315, 10 L. R. A. (N. S.), 690, 123 Am. St., 809, 99 S. W., 542.

In Arkansas the venue of proceedings to remove disabilities of minority is fixed in the circuit court of the county in which the minor "is a resident." In affirming the jurisdiction in the county of the minor's domicile, the Supreme Court of Arkansas said: "It is contended that the circuit court of Sebastion County, for the Fort Smith district, did not have jurisdiction of John Rollinson at the time it undertook to remove his disabilities as a minor, *because he was not a resident of that district,* and for that reason the order made for that purpose is void. But the last domicile of the deceased father was in that district, and by reason thereof it was the legal residence of the minor son, John Rollinson, and according to the general rule, so remained, and could not be changed or removed by his own act until he reached his majority. Grimmett v. Witherington, 16 Ark., 377, 63 Am. Dec., 66; Johnson v. Turner, 29 Ark., 280; Lamar v. Micou, 112 U. S., 452, 5 Sup. Ct., 221, 28 L. Ed., 751; Allgood v. Williams, 92 Ala., 551, 8 So., 722. And see Lamar v. Micou, 114 U. S., 218, 5 Sup. Ct., 857, 29 L. Ed., 94." Young v. Hiner, 72 Ark., 299, 79 S. W., 1063.

The Supreme Court of Maryland in Sudler v. Sudler, 121 Md., 46, 88 Atl., 26, 49 L. R. A., 866-869, stated at some length the reasons which require that residence be construed as synonymous with domicile in arriving at the meaning of a statute providing for the appointment of a guardian of an infant by "the orphans' court of the county in which such infant shall reside."

In our opinion the fact that T. E. Lemons' father had given him permission to go out and make a living for himself, and he had thereafter gone to Dallas and made and spent his own earnings, did not affect the jurisdiction in Parker County.

We think the correct principle is that announced in Ruling Case Law that such an emancipation does not remove the disabilities of minority except as to the father's interest in, and control over, the minor's labor and earnings. 20 R. C. L., 608, 609. The father has a true property right in the fruits of the minor's labor, which he may release, though the general rule appears to be that the father may even revoke this release if it does not interfere with rights acquired on the faith thereof. 20 R. C. L., 611. But the father's right to the custody and control of the person of his minor child, apart from his right to the benefit of his labor and earnings, is in no sense a property right of the father. Instead, the right of the father here springs from the duty and trust imposed on him by law, for the child's protection and benefit, and it is therefore held that the father, under the common law, can not divest himself, even by contract with the mother, of the custody and control of his minor child. Lanning v. Gregory, 100 Texas, 314, 315; Schouler's Domestic Relations, sec. 251, p. 346; Legate v. Legate, 87 Texas, 252, 28 S. W., 281.

In an early case in Massachusetts it was contended that upon a minor acquiring a right, as against his father, to apply his own earnings to the support of one whom the minor had married, with the father's con-

sent, he also acquired the right to fix the residence of himself and family. But, the Supreme Court of Massachusetts held that the laws of that State recognized no such consequences of emancipation, saying: "But it (emancipation) did not give him (the minor) a capacity to make binding contracts, beyond other infants; or any political or municipal rights, which do not belong by law to minors." Taunton v. Plymouth, 15 Mass., 203.

To the same effect is Jacobs' Law of Domicile, secs. 229, 231.

In order for a minor in Texas to be relieved of the disabilities imposed on him by law, with respect to domicile, for his own special protection, the statutory method for the removal of his disabilities must be pursued. Art. 5949, Vernon's Sayles' Texas Civ. Stats.

There is authority for the proposition that even where the proceedings to remove a minor's disabilities, as in Texas, are held to be special and not to be supported by the presumptions which usually uphold judicial proceedings, yet the recital of facts on the face of the proceedings, which sustain the jurisdiction, can not be collaterally impeached. Young v. Hiner, 72 Ark., 299, 79 S. W., 1064; Hindman v. O'Connor, 54 Ark., 627, 13 L. R. A., 490, 16 S. W., 1052. But, the conclusions we have reached render it unnecessary for us to determine the correctness of this proposition.

It is ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed, and that judgment be here rendered for plaintiff in error.

*Reversed and rendered.*