## WRIGHT v. WRIGHT. (No. 7597.)

(Court of Civil Appeals of Texas. San Antonio. June 2, 1926.)

**1. Appeal and error ⟝194(1).**

Defendant, not objecting to affidavit controverting plea of privilege, cannot assail it on appeal, unless it meets no phase of case.

**2. Injunction ⟝111.**

District court of county, in which husband in lawful custody of children resided, had jurisdiction to restrain wife from kidnapping them and carrying them out of state.

**3. Infants ⟝18.**

District court has constitutional supervisory control, and may issue orders necessary for welfare of all infants domiciled in its jurisdiction.

**4. Domicile ⟝5.**

Domicile of children follows that of father.

**5. Injunction ⟝111.**

Mother attempting to violate law at children's domicile by kidnapping them from their father in county of his residence loses right to be sued for injunction in another county.

**6. Abatement and revival ⟝14—Pendency of wife's divorce suit, not stating cause of action, does not abate husband's suit to restrain her from kidnapping children in his custody.**

Wife's petition for divorce, not alleging her residence in state for year, is fatally defective, and pendency of suit does not abate husband's suit to restrain her from kidnapping children in his custody.

**7. Abatement and revival ⟝14—Wife's unprosecuted divorce suit, wherein no process was issued, does not abate husband's suit to restrain her from kidnapping children.**

Pendency of wife's divorce suit, wherein no process was issued, nor effort made to prosecute

---

⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

it, does not abate husband's suit to restrain her from kidnapping children in his custody.

**8. Abatement and revival ⊚═➤8 (4)—Pendency of wife's suit for divorce, alimony, and children's custody does not abate husband's suit to restrain her from kidnapping children.**

Pendency of wife's suit for divorce, alimony, and custody of children does not abate husband's suit to restrain her from kidnapping children in his custody; suits being for different purposes and relief.

Appeal from District Court, Val Verde County; Joseph Jones, Judge.

Suit by J. A. Wright against Bettie Wright and another. From a judgment against the named defendant, she appeals. Affirmed.

C. C. Carsner, of Victoria, for appellant. Hull & Oliver, of San Antonio and Walter F. Jones, of Del Rio, for appellee.

FLY, C. J. Appellee, residing in Val Verde county, sought and obtained a permanent writ of injunction to restrain his wife, Bettie Wright, claiming Victoria county as her residence, from interfering in any manner with appellee's custody of their two children, Ivey Myrtle Wright and Janey May Wright, and molesting said children, and also giving the custody and control of the two children to their father, the appellee herein. It was alleged that appellant and appellee were married in Howard county, Ark., and removed to Victoria county, Tex., where they continued to live together as man and wife until June 7, 1925, when they separated, appellant returning to Arkansas and appellee, with the two children, removing to Del Rio in Val Verde county; that appellant and one Allen M. Cardwell were living in adultery in Victoria county since her return from Arkansas; and that they had conspired together to kidnap and steal the two children from appellee and remove them beyond the jurisdiction of the court, where they would be reared in an atmosphere and surroundings that would injure their morals "and cause them to grow up without respect to decent, civilized, and virtuous womanhood."

Appellant interposed a plea of privilege to be sued in Victoria county, and also filed a plea in abatement on the ground that appellant had, on June 30, 1925, prior to the institution of this suit, filed a suit against appellee in a district court in Victoria county for a divorce and the custody of the children, and that the same was pending.

The court overruled both pleas, and on a hearing of the evidence awarded the custody of the children to appellee, and issued an injunction permanently restraining appellant from interference with the children. The cause as to Cardwell was dismissed.

[1, 2] Appellant made no objection to the controverting affidavit in the trial court, and cannot be heard to assail its sufficiency in this court, unless the same fails to meet any phase of the case. Miller v. Flynn (Tex. Civ. App.) 279 S. W. 879. If, as alleged, appellant had conspired with her paramour to kidnap or steal the children lawfully in possession of their father, she was contemplating a crime, and could be restrained from committing it. After separating from her husband, she had gone to Arkansas, and had returned to Texas, and in about three months had gone to Del Rio with the evident design to molest and interfere with the children and carry them to Arkansas. She did not seem to have any fixed domicile. The children were in the lawful custody of their father, and appellant had no legal right to take the children from him. She did not claim to be a proper person to have the custody of the children. The court found that she intended to take the law in her own hands and kidnap the children and carry them out of the state of Texas. We hold that the court did not err in entertaining jurisdiction.

[3, 4] The district court holds a constitutional supervisory control and supervision of all infants, and the court had the power and authority to issue orders necessary and proper for the welfare of the infants. The children were in its jurisdiction, and the custody and protection of the children could be exercised where they were domiciled. The domicile of the children followed that of their father. Lanning v. Gregory, 100 Tex. 310, 99 S. W. 542, 10 L. R. A. (N. S.) 690, 123 Am. St. Rep. 809; Campbell v. Storer, 101 Tex. 82, 104 S. W. 1047; Railway v. Lemons, 109 Tex. 244, 206 S. W. 75, 5 A. L. R. 943. As said in the case last cited:

"And it is settled law in Texas that the domicile of a minor child is always that of the father and necessarily changes with any change of the father's domicile."

[5] It would be an absurdity to hold that the mother could make attempts to kidnap a child from the domicile made by its father and escape restraint, where it was needed, by a plea of privilege. She loses the right to be sued in another county by attempting to violate the law at the domicile of the child sought to be protected.

[6-8] Appellant's plea in abatement rested on the fact that she had filed a suit for divorce in Victoria county. The petition which is made part of the plea fails to allege a residence in Texas for twelve months, and is fatally defective. No process had been issued or served in the Victoria county case, and no effort to prosecute the suit was made. The chief object in that suit was to obtain a divorce, alimony, partition of the community estate, and incidentally the custody of the children. The two suits are not for the same purposes, and there had been no attempt to prosecute the Victoria county case. The two

---

⊚═➤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

suits were not the same, not seeking the same relief. Oil Co. v. Priddy (Tex. Com. App.) 250 S. W. 156; Long v. Long (Tex. Civ. App.) 269 S. W. 207; Cunningham v. City of Corpus Christi (Tex. Civ. App.) 260 S. W. 266.

There is no merit in the appeal, and the judgment is affirmed.