## BRADFORD v. LINCOLN BANK & TRUST CO. OF LOUISVILLE, KY.

### No. 3413.

Court of Civil Appeals of Texas. El Paso.

Sept. 10, 1936.

Rehearing Denied Sept. 24, 1936.

Hamilton, Lipscomb & Wood, of Dallas, for appellant.

Dodd & Dodd, of Louisville, Ky., and J. C. Muse, Jr., of Dallas, for appellee.

HIGGINS, Justice (after stating the case as above).

The statute authorizes the order made in this case where the guardian and his ward are nonresidents of this state. Article 4285, R.S.

When Jenkins and wife were divorced and the custody of the child awarded to the mother, the domicile of the child was that of the mother, which was in Texas. Upon the death of the mother and subsequent appointment of T. L. Bradford, Sr., as guardian, by the county court of Dallas county, and the decree of the district court of Dallas county in the habeas corpus proceeding, the domicile of the child was in Dallas, where Bradford lived. Appellee asserts the district court decree is void because rendered without appearance by him or service of the cross-action, but this is a matter which need not be determined. The validity of the decree may be conceded.

After the death of the mother, the father was the natural guardian of the child's person (article 4118, R.S.) and entitled to its custody until otherwise decreed by a court of competent jurisdiction. Kahn v. Israelson, 62 Tex. 221; Walker v. Finney (Tex.Civ.App.) 157 S.W. 948. The district court had exclusive jurisdiction to determine the proper custodian of the child. Ex parte Reeves, 100 Tex. 617, 103 S.W. 478; Legate v. Legate, 87 Tex. 248, 28 S.W. 281; Estes v. Presswood (Tex.Civ. App.) 137 S.W. 145.

Upon the death of Bradford, Sr., the child was without an appointed guardian, and the decree of the district court awarding its custody to Bradford was functus officio. The right of the father to the custody of the child immediately reinvested in him as its natural guardian and protector. Gallamore v. Glazier (Tex.Civ. App.) 200 S.W. 854. Of that right he could not be lawfully deprived except by decree of the district court. In removing the child to his home in Louisville the father acted within his legal rights. That he did so surreptitiously does not, under the circumstances, militate against his rights. The step-grandmother had no legal right to deny Jenkins the custody of the child, and her action in so doing warranted Jenkins in the action he took.

The findings of Jenkins' unfitness, made several years before in the guardianship and habeas corpus proceedings, did not affect the right of the father to again immediately assert his right to the custody of the child upon the death of Bradford, Sr., and, as heretofore stated, the right to such custody at once reinvested in the father and was paramount until otherwise decreed by a court of competent jurisdiction.

The domicile of the child is that of the father, which is in Louisville, Ky. Gulf, C. & S. F. R. Co. v. Lemons, 109 Tex. 244, 206 S.W. 75, 5 A.L.R. 943; Wright v. Wright (Tex.Civ.App.) 285 S.W. 909.

We therefore overrule all propositions predicated upon the theory that the minor is not lawfully domiciled in Kentucky, where the father resides.

We also overrule those propositions which assert there is no evidence it would be to the best interest of the minor and his estate that appellee be permitted to qualify as nonresident guardian and remove the minor's estate to Kentucky and that it was an abuse of discretion on the court's part to so order.

Appellee has complied with the statutory requirements. There is nothing to impeach its fitness. The minor is now lawfully domiciled in Louisville, where appellee is also domiciled. It is ordinarily best that a minor's estate should be administered by a qualified guardian where the minor lives.

The propositions last stated are without merit.

Affirmed.