CLARE v. CLARE.

No. 5103.

Court of Civil Appeals of Texas. Amarillo.
Jan. 22, 1940.

Rehearing Denied Feb. 19, 1940.

Price & Moss, of Post, for plaintiff in error.

Nelson & Brown, of Lubbock, for defendant in error.

FOLLEY, Justice.

This is a divorce suit involving the custody and maintenance of a child which cause has reached us by writ of error prosecuted by John B. Clare, plaintiff in error herein and defendant in the trial court. Hilda Gene Clare is the defendant in error and was the plaintiff in the trial court. The parties shall hereafter carry their trial court designations.

The plaintiff filed the suit against the defendant on April 8, 1938, in the District Court of Terry County, Texas. She asked for divorce from the defendant, for the care and custody of Rosemary Gene Clare, a child born of the marriage, and that the defendant be required to pay her $25 monthly for the support and maintenance of the child. The defendant answered by general demurrer and general denial. A hearing was had on August 29, 1938, the decree of divorce granted and the defend-

ant was ordered to pay into the registry of the court the sum of $15 monthly for the support and maintenance of the child until such child should have attained the age of six years, and the same amount was required thereafter to be paid by the defendant unless the order was modified until the child should become capable of self-support. The judgment recites that the parties had agreed upon the order with reference to the support and maintenance of the child. The judgment was signed and approved as to form by the attorneys for both the plaintiff and the defendant.

There is no statement of facts in the record before us and therefore all questions of fact must be resolved in favor of the validity of the judgment. However, the defendant asserts that there is fundamental error in the judgment by reason of the alleged insufficiency of the plaintiff's petition to confer jurisdiction upon the court. This assertion is based upon the allegations with reference to the residence of the plaintiff and of the age and residence of the child. The allegations of the petition in question are as follows:

"Now comes Hilda Gene Clare, who resides in Terry County, Texas, hereinafter called plaintiff, complaining of John B. Clare, who resides in Terry County, Texas, hereinafter called defendant, and for cause of action plaintiff represents to the Court:

"That she is now and has been for a period of twelve months an actual bona fide inhabitant of the State of Texas and has resided in said County of Terry for Six Months next preceding the filing of this suit.

"That on or about the 21st day of August, A. D. 1937 Plaintiff was legally married to the defendant.

"That there was born of the marriage between plaintiff and defendant one child, to-wit, a girl named Rosemary Gene Clare, an infant."

The defendant asserts that under article 4631, Vernon's Ann.Civ.St., the language of the second paragraph of the petition above with reference to the plaintiff's inhabitancy in the State of Texas is insufficient in that such allegation does not state that she was an actual bona fide inhabitant of the State of Texas for the period of twelve months "at the time of exhibiting her petition" and therefore the trial court was without jurisdiction in the divorce action. Under the authority of Aucutt v.

Aucutt et al., 122 Tex. 518, 62 S.W.2d 77, 79, 89 A.L.R. 1198, this contention of the defendant must be overruled. In the Aucutt case the court refers to the authority invested in the district courts of this state by section 8 of art. 5 of our State Constitution, Vernon's Ann.St., wherein it is said: "The District Court shall have original jurisdiction * * * of all cases of divorce". Judge Critz, in the opinion of the court discussing this constitutional provision in connection with article 4631, said:

"A reading of the constitutional provision as contained in section 8 of article 5, supra, demonstrates that it is all embracing in its provisions, and operates to vest all district courts in this state with jurisdiction 'of all divorce cases.' Since district courts of this state are clothed by the Constitution with divorce jurisdiction, it does not lie within the power of the Legislature to take such jurisdiction away from them. Reasonover v. Reasonover [122 Tex. 512] 58 S.W.2d 817. Of course the Legislature has power, within proper bounds, to prescribe rules of practice and procedure for the exercise of divorce jurisdiction by our district courts.

\* \* \* \* \* \*

"It will here be noted that the six months' residence in the county provision of article 4631 is coupled with the twelve months' residence in the state provision of the same article. In this regard we think article 4631 has effect to define the qualifications of the plaintiff or petitioner in divorce cases, and is not intended to circumscribe the jurisdiction of the district courts of this state. In this respect we call attention to the fact that article 4631 applies to all district courts alike. Its effect is to disqualify the applicant for a divorce of the right to maintain the suit unless he has resided in the state for twelve months at the time of exhibiting his petition, and in the county in which the suit is filed for six months next preceding the filing of the same.

"Under the above construction of article 4631, we hold that it is not a jurisdictional statute at all, but merely a statute prescribing the qualifications of the plaintiff in divorce cases. The plaintiff must possess the qualifications prescribed by article 4631 before he is entitled to prosecute a divorce suit in the courts of this state."

The petition of the plaintiff in the Aucutt case was identical to that of the instant case with reference to the residence of the plaintiff. Although the divorce in the Aucutt case was granted upon the cross-action of the defendant therein, the Commission of Appeals had this to say about the plaintiff's petition in such case: "It appears that Mrs. Aucutt's petition was in due form as to allegations of residence in the state and county."

We think the above holding, when carefully analyzed, is to the effect that the district court is clothed by the Constitution with potential jurisdiction of all divorce cases which jurisdiction may not be taken away by the Legislature, but that the Legislature may, within proper bounds, prescribe rules of practice and procedure whereby the power to exercise such jurisdiction may or may not be invoked by pleadings. It is our opinion that the pleadings of the plaintiff were sufficient to invoke the jurisdiction of the court, and, in the absence of a statement of facts, we must presume the proof as to residence was sufficient to support the judgment.

The defendant further asserts that the trial court was without jurisdiction of any issue in this case because the plaintiff failed to allege the age and residence of Rosemary Gene Clare, the child of the marriage, as required by article 4639a, Vernon's Ann. Civ.St. Such article provides, in part, as follows: "Each petition for divorce shall set out the name, age, sex and residence of each child under sixteen (16) years of age born of the marriage sought to be dissolved, if any such child or children there be; and if there be no such child or children, then the petition shall so state. No Court having jurisdiction of suits for divorce shall hear and determine any such suit for divorce unless such information is set out in such petition or in each cause of action for divorce."

It is true that the petition of the plaintiff did not specifically allege the age of the child but it did allege that such child was born of the marriage of the parties and that such child was an "infant". It is our opinion that the word "infant" must be construed to have been used in this petition in its popular, rather than its legal, sense, and especially is this true since the marriage was alleged to have occurred on August 21, 1937, of which union such child was alleged to have been born. The statute does not require that the birthday of the child be alleged nor does it require that the exact age in years, months and days be specified. Under the allegation made the trial court was apprized of the fact that an

"infant", in the ordinary sense of the word, was born of the marriage under consideration. The child being an "infant" in the popular sense and both of its parents alleged to be residents of Terry County, Texas, we think it will be presumed that the residence and domicile of the child followed that of its father. Lanning v. Gregory et al., 100 Tex. 310, 99 S.W. 542, 10 L.R.A.,N. S., 690, 123 Am.St.Rep. 809; Wright v. Wright, Tex.Civ.App., 285 S.W. 909; Gulf, C. & S. F. Ry. Co. v. Lemons et al., 109 Tex. 244, 206 S.W. 75, 5 A.L.R. 943. Under such circumstances we deem it unnecessary to determine the question as to the authority of the Legislature, in the face of the constitutional provision above, to prescribe the requisites of the petition as set out in article 4639a above, but think it sufficient to state that, if the Legislature has such authority, the pleadings of the plaintiff constituted so substantial a compliance with the provisions of the article that the court was not deprived of its jurisdiction by the specific defects in the pleading urged by the defendant. We think the pleadings of the plaintiff were at least sufficient to admit proof as to the age and residence of the child and we must also presume, in the absence of a statement of facts, that sufficient evidence was offered on this issue to support the judgment. We therefore overrule this assignment.

The judgment of the trial court is affirmed.