### MAULDIN et al. v. BUCHANAN et al.
### No. 5757.

Court of Civil Appeals of Texas. Amarillo.
Dec. 9, 1946.

W. F. Nix, R. A. DeFee and E. T. Miller, all of Amarillo, for appellants.

Simpson, Clayton & Fullingi, of Amarillo, for appellees.

PITTS, Chief Justice.

This is an appeal from an order restoring the possession of a minor child to its mother after a hearing in a habeas corpus proceeding.

The record reveals that relator, Virginia Buchanan, and respondent, W. P. Mauldin, were married on November 14, 1934; that on December 7, 1935, a daughter, Elva Jean, the subject of this litigation, was born to the marriage; that in May, 1936, the parties separated and on March 25, 1938, the said relator was divorced from the said respondent by a decree of divorce granted by a court of competent jurisdiction in the State of

Oklahoma; that the decree of divorce likewise granted complete custody and control of the said minor child, Elva Jean Mauldin, to its mother, gave the father the right to visit it at all reasonable times, and required him to support it; that the said order had not been subsequently changed by any court order; that both parties later married again, the said relator married John Buchanan, who joined her in this suit and is likewise a relator, and the said respondent married Mary Mauldin, who is a party to this suit and likewise a respondent; that the said relators had their domicile in the County of Oklahoma and State of Oklahoma at the time this suit was filed and heard, and the said respondents had their domicile in Potter County, Texas, during such time; that early in 1946 relator, Virginia Buchanan, permitted the child in question to go home with its father's sister, Elva Mauldin Posey, wife of J. F. Posey, co-respondents herein, who had their domicile at Anniston, Alabama; that the said child lived with the said aunt and uncle for several months and attended school in Alabama; that after the school closed in the Spring of 1946 the mother of the child urged the said aunt and uncle to return it to her home in Oklahoma but the said aunt insisted on keeping the child longer, to which request the mother would not agree; that in July, 1946, the said aunt and uncle, Elva Mauldin Posey and J. F. Posey, took the child without the consent or knowledge of either of the relators and delivered it to respondents, W. P. Mauldin and wife Mary Mauldin, in Potter County, Texas; that on July 24, 1946, respondent, W. P. Mauldin, filed a petition for change of custody of the said child in the District Court of Potter County, alleging the residence of the relators to be in Oklahoma County, Oklahoma; that the custody of the child had been previously awarded by judgment of the court to its mother but conditions had since changed so as to justify a change of legal custody of the child which was then in the custody of, and living with, its father, and prayed for an order giving him temporary custody of the child and upon a final hearing that the order of the District Court of Oklahoma County, Oklahoma, awarding custody of the child to its mother be changed and set aside as to the custody of the child and its legal custody be awarded to respondent, W. P. Mauldin; that on July 24, 1946, the trial court herein heard and considered the petition and awarded temporary custody of the said child to its father subject to further orders of the court; that soon thereafter non-residence notice of such suit was served upon relators in Oklahoma who knew then for the first time that the child was in possession of its father; that on August 5, 1946, relators filed a petition in this cause for a writ of habeas corpus, alleging the existing facts and that the child was being illegally restrained of its liberty by respondents and prayed for possession and custody of the child.

Over the protests of respondents the trial court immediately conducted a hearing on the facts in the case with respondents and the child present, ordered temporary possession and custody of the child returned to its mother, and directed that relators execute a bond in the sum of one thousand dollars conditioned that the child would be produced by relators in open court on August 26, 1946, for a further hearing and final disposition of the case. On August 26 all interested parties appeared for a final hearing before the court without a jury. Respondents insisted on a hearing on the issues of changed conditions since the child had been awarded to its mother and for a change of order awarding the legal custody of the child to its father, but over their protests the trial court confined the hearing to the question of how respondents came into possession of the child, whether or not it was being illegally restrained of its liberty and whether or not possession and custody of the child should be restored to its mother. At the conclusion of the hearing the trial court made findings consistent with the above stated facts and concluded it was without jurisdiction to hear issues involving changed conditions, if any, and the change of the legal custody of the child because of any changed conditions that may have existed but that its jurisdiction was limited to the hearing of the petition

for writ of habeas corpus and to determine whether or not the child was being illegally restrained by respondents. The trial court further found that the respondents failed to show any legal cause for restraining the child, that it was being illegally restrained by respondents and ordered that it be discharged from such restraint and that its possession, custody, and control be restored to its mother, Virginia Buchanan, from which order and judgment respondents perfected an appeal to this Court.

▉ Respondents based their appeal on four points of error contending that the domicile of the child, Elva Jean Mauldin, was in Potter County, Texas, at the time the proceedings filed by them and the relators were filed in the trial court and that the trial court had jurisdiction to hear and determine the issues concerning changed conditions and circumstances and to modify and change the former award of the custody of the child to its mother by the Oklahoma court. They further complained about the trial court forcing them to trial so hurriedly on August 5, 1946. But, such hearing was only a hearing for temporary custody and the trial court told respondents in open court that he thought he should conduct the hearing at that time and that he would continue the matter for a final hearing at a later date if it appeared proper to do so and the hearing was so continued. The record reveals that respondents had filed their petition for custody of the child in the same court two weeks previously, that they were then present in court and knew the facts on August 5, 1946, that they were then represented by counsel, that they later filed their pleadings for a hearing had on August 26 and had their day in court. It is our opinion that the trial court did not abuse its discretion in the matter and respondents' complaint about such is therefore overruled.

▉ In such cases the rule of law has been well established that the domicile of a child of the age of Elva Jean Mauldin is fixed by the domicile of the parent who has legal custody of the child and its domicile is the same as that of such parent and that a Texas court does not have jurisdiction to change the existing legal relationship between the said child and the said parent who has legal custody of the child so long as the domicile of the said child is in some State other than Texas even though the child itself be found in Texas when the record reveals that it was brought to Texas without the knowledge or consent of the parent having its custody. Lanning v. Gregory, 100 Tex. 310, 99 S.W. 542, 10 L.R.A.,N.S., 690, 123 Am.St.Rep. 809; Milner v. Gatlin, Tex.Com.App., 261 S.W. 1003; Cusack v. Cusack, Tex.Civ.App., 107 S.W.2d 1021.

Respondents cite the case of Peacock v. Bradshaw, Tex.Sup., 194 S.W.2d 551, in support of their theory of the case. We fail to find any comfort for them in that case. The court there recognizes with approval the rule above referred to and implies the same in disposing of that case.

Respondents likewise rely on the case of Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293, in which case the facts are different from the facts in this case but the rule of law followed is in harmony with the rule of law above stated and the case supports the contention here made by relators. In that case the parents of the child of tender years were divorced by a court of competent jurisdiction in the State of Missouri and the custody of the child was divided between them with the parents given the privilege of taking the child beyond the limits of the State. Both parents married again and at a later hearing attended by both parents, judgment was rendered by the court modifying in part the former judgment and giving the custody of the child to the father, who resided in Missouri, for nine and one-half months during each year and to the mother, who resided in Texas, the remaining two and one-half months of each year. During the two and one-half months that the child was in the legal custody of the mother in Texas, the mother filed a proceeding in a Texas court for full custody of the child alleging changed conditions. The father came to Texas and filed a habeas corpus proceeding in the same court. The cases were consolidated, heard, and the father prevailed in the trial court but an appeal was perfected to the San Antonio Court of Civil Appeals and the question of jurisdiction of the Texas court was certified by the San An-

tonio court to the Supreme Court which concluded from the record that the child, at the time of the institution of the proceedings, was in lawful custody of the mother under the order of the Missouri court; that the mother's domicile was in Texas and the child's domicile was therefore in Texas during the two and one-half months it was in legal custody of its mother; that the mother had the same custodial rights in Texas during the shorter period of the year as the father had in Missouri during the longer period of the year; that the child was rightfully in Texas and her domicile was in Texas when the proceedings were filed and the Texas court therefore had jurisdiction to hear the cause of action for change of custody.

The facts in the instant case are in reverse order to those in the Goldsmith-Salkey case with reference to the question of the child's domicile. In the instant case the record reveals that the custody of Elva Jean Mauldin, then two years of age, had been awarded to Virginia Buchanan, then Virginia Mauldin, on March 25, 1938, by judgment of a District Court of the State of Oklahoma since which time she had held the legal custody of the said child. It was admitted that Virginia Buchanan's domicile was in the State of Oklahoma at the time this suit was filed and the hearing had and that the child was brought to its father, Paul Mauldin, who resided in Potter County, Texas, in July, 1946, without the knowledge or consent of Virginia Buchanan. It therefore clearly appears that the child's domicile was in Oklahoma when the proceedings were filed and the hearing had and that the trial court did not have jurisdiction to determine the questions of changed conditions and the legal custody of the child as between its mother, Virginia Buchanan, and Paul Mauldin, its father, or to disturb the existing legal relationship between it and its mother. The trial court then properly held that its jurisdiction was limited to the question of whether or not Elva Jean Mauldin was being illegally restrained of her liberty by respondents and it did not abuse its discretion in finding that the said child was being illegally restrained of its liberty by respondents and in restoring possession of

the said child to its mother, Virginia Buchanan. Lanning v. Gregory, Tex.Civ. App., 101 S.W. 484, and other authorities already cited. The respondents' points of error complaining because the trial court did not exercise jurisdiction in hearing the issues of changed conditions and determining the question of the change of custody between the parties are therefore overruled and the judgment of the trial court is affirmed.