**LLOYD et ux. v. SMITH.**

No. 13815.

Court of Civil Appeals of Texas. Dallas.

May 16, 1947.

Rehearing Denied June 13, 1947.

Henry Tirey and Earl R. Parker, both of Dallas, for appellants.

Gormley, Bohannon, Ragsdale & Prescott, of Dallas, for appellee.

LOONEY, Justice.

H. N. Smith, the relator, brought this habeas corpus proceeding to regain possession of his two minor girl children, Sue Elaine and Kathryn Ann, alleged to have been illegally possessed and illegally restrained of their liberty by respondents Ray E. Lloyd and wife. The respondents filed pleas of privilege to be sued in Grayson County, where they reside. Their pleas of privilege were controverted by relator who contended that the court below had venue of the cause under sec. 9 of Art. 1995, R.C.S., which provides that "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile"; alleging, further, that about February 10, 1947, respondents abducted, kidnapped and coerced said children from the domicile and custody of relator, the natural guardian of said children and their legal custodian, and carried them away unlawfully and without relator's permission into Grayson County, in violation of the Penal Statutes, and are now illegally restraining the children in said county. Relator alleged that he was the only surviving parent of said children; is their natural guardian and entitled to their care, custody and control; and that any proceeding concerning the guardianship of either the person or estate of said minors would necessarily, by reason of the statute, have to be brought in Dallas County. Wherefore, relator prayed that respondents' pleas of privilege be overruled and denied.

Respondents filed no pleading other than the pleas of privilege and, although present in the courtroom at the hearing, did not testify. The stipulations of the parties made at the time in open court, and the evidence adduced which consisted of the testimony of relator, are substantially as follows: It was shown that relator and his late wife were married in the year 1939 and were divorced in May, 1946; that during that time these two girl children were born to them; that, when divorced, custody of the children was awarded to their mother, Marguriete Cooksey Smith, and relator was required to pay $85 per

month for their support, with which order he had complied up to the death of his late wife, the mother of these children, which occurred about February 9 or 10, 1947. The stipulations of the parties in open court, as dictated by the judge, are as follows: "That Marguriete Cooksey Smith was divorced from her husband, H. N. Smith, by a District Court of Dallas County, Texas, on May 9, 1946; that at the time the divorce was granted the custody of the two minor children, namely, Sue Elaine and Kathryn Ann Smith, children of the parties involved in said divorce suit, was awarded to Marguriete Cooksey Smith; that subsequent to the granting of said divorce Marguriete Cooksey Smith resided in Dallas County, Texas, with said children; that the relator, the plaintiff in this action, the former husband of Marguriete Cooksey Smith, since the granting of said divorce, has also resided in Dallas County, Texas, and on this date resides in Dallas County, Texas; that on February 10, 1947, Marguriete Cooksey Smith died in Dallas, Texas."

It seems that at the time of Mrs. Smith's death her two children were being cared for by her aunt, Mrs. Ray Lloyd, at her home in Sherman, Grayson County, but after the death of their mother, Mrs. Lloyd brought the children to their mother's home ·in Dallas. Other relatives were there at the time and Mr. Smith, relator, was also in attendance. Before leaving at night, relator put the two children to bed and had an understanding with the Lloyds that next day he would come over and consult with them and other relatives in regard to the future of the children; and they agreed to call him next morning, but failed to do so. However, relator went to the home of his late wife, but was not permitted to see the children; in fact, was informed that they were not there. He did not know where they were at that time; had not given any one permission to take the children from the county; but, learning two days later that the children were in the possession of the Lloyds at Sherman, instituted the present proceedings.

After hearing the evidence as above shown, the court overruled respondents' pleas of privilege, to which they excepted and perfected this appeal. They urge, in substance and effect, but one point of error, that is, that the court erred in overruling their pleas of privilege; each of the points presented simply states a reason why, in respondents' opinion, the court erred in overruling the pleas of privilege.

■ We cannot accept respondents' view of the matter. As long as Mrs. Smith lived, her domicile constituted the domicile of the children; but, immediately upon her death, the right of their father, as natural guardian, to the care and custody of the children was revived and the domicile of the children automatically became that of their father. This was specifically held by the Supreme Court in Peacock v. Bradshaw, 194 S.W.2d 551. To the same effect, see Bradford v. Lincoln Bank & Trust Co., Tex.Civ.App., 96 S.W.2d 821 (app. dismissed).

■ Respondents argue that the trespass alleged and proven as ground of venue in the instant case, was a mere incident and not the basis of relator's cause of action, citing as authority for this contention the case of O'Quinn v. O'Quinn, Tex.Civ.App., 57 S.W.2d 397, 398. In that case Chief Justice Gallagher, speaking for the Waco Court, said: "But, if defendant's alleged attempt to deprive her of the possession of the child had been stated with sufficient particularity to show a technical trespass, same was only an incident to plaintiff's cause of action and not the basis thereof, and therefore insufficient to fix venue in Bexar county." We think it obvious that what the judge said in regard to the trespass alleged being merely an incident, was dictum, and not necessary to decision of the question because technical trespass was not alleged. But, even if properly applicable to that or other similar cases, it would not follow that such doctrine would be applicable to the instant case, because it is obvious that the basis of these proceedings was the willful wrong and, to say the least, flagrant trespass committed by respondents on the right and privilege of relator to the care and custody of his children. So far as disclosed by the record, respondents, without the knowledge or consent of relator, or pretense of legal right,

took possession of his minor children, removed them from their domicile and the domicile of their father, as well, into another county, and were illegally restraining them at the time the writ of habeas corpus was sued out.

We do not think that, in any proper sense, this is a child custody contest. The right of relator to their care and custody is not even an issue in the proceedings; is undisputed, yea, is impliedly conceded by the stipulations; the only question presented for our consideration being whether the children were wrongfully and illegally restrained at the time the writ was sued out. This question, in our opinion, must be answered in the affirmative. In the case of Mauldin v. Buchanan, Tex.Civ.App., 198 S.W.2d 469, 472, presenting a similar question, the Amarillo Court held that the only question to be determined was whether the child was being illegally restrained of its liberty, etc.

The case of Wright v. Wright, Tex.Civ. App., 285 S.W. 909, 910, decided by the San Antonio Court, presented substantially the same question as we have under consideration and was disposed of by Chief Justice Fly in the following language: he said " 'And it is settled law in Texas that the domicile of a minor child is always that of the father and necessarily changes with any change of the father's domicile.' (Railway v. Lemmons, 109 Tex. 244, 206 S.W. 75, 5 A.L.R. 943.) It would be an absurdity to hold that the mother could make attempts to kidnap a child from the domicile made by its father and escape restraint, where it was needed, by a plea of privilege. She loses the right to be sued in another county by attempting to violate the law at the domicile of the child sought to be protected."

If respondents desire to challenge the right or fitness of relator to the care and custody of his children, they may do so in a legal manner by proceeding in a court of proper jurisdiction in Dallas County, the domicile of relator, as provided in Sec. 2 of Art. 4111, R.C.S., Vernon's Ann.Civ.St. art. 4111, subd. 2.

The judgment of the lower court, in our opinion being correct, is affirmed.