**COLLINS et vir. v. LAND, Jr., et al.**

No. 13939.

Court of Civil Appeals of Texas. Dallas.
July 30, 1948.

———◆———

Henry & Turner, of Cleburne, for appellants.

Leland M. Johnson, of Dallas, for appellees.

YOUNG, Justice.

To the suit of Charles L. Land, Jr., Mrs. Fleta Davis and husband J. H. Davis, in nature of habeas corpus and for child custody, respondents Leona Collins and husband interposed pleas of privilege to be sued at place of their residence, Nueces County; which pleas, on hearing, were overruled with result of this appeal.

The children whose custody is involved are Ronny and Mauryce Land, age six and eight years respectively. These boys were born to the marriage of Charles L. Land, Jr., and Leona Land; the latter, after their divorce in 1944, having married Irvin Collins and this couple at all times material here have been residents of Nueces County.

Judgment of divorce was granted to the Lands in November 1944, by the District Court of Johnson County, but their marital differences had begun several years prior thereto. Even before final decree of separation, the older boy, Mauryce, had been placed by mutual consent with his paternal grandparents, C. L. Land, Sr., and wife (residing in Johnson County), and the younger child, Ronny, with Mrs. Fleta Davis, the sister of C. L. Land, Jr.; the two last named parties being residents of Dallas County. Above judgment of divorce made no direct provision for custody of these children, merely reciting "that the plaintiff and defendant have two children born to them as a result of said marriage to wit: a boy, Mauryce Land, 5 years of age, and a boy, Ronny Land, 2 years of age, and that no order as to the custody or support of said children is made by the court, as the court finds that said children are being properly cared for by the mutual consent of their said parents."

Such arrangement relative to the custody of the children continued until July 1947, when Charles L. Land, Jr., took Ronny to Johnson County where the two children could visit together during vacation time. While there, he permitted the boys to go to the home of their maternal grandparents (also in Johnson County) for temporary visitation, and when the time came (as Land, Jr., testified) for the boys to be returned, he was told that their mother had taken them away. · Some time was spent in ascertaining the whereabouts of the minors, it developing that they had been taken by Mrs. Collins to Corpus Christi; and the instant proceedings ensued, seeking · a return of the children and restoration of custody.

The notice or writ issuing to respondents (appellants) ordered them to appear before

the District Court at Dallas on October 16, 1947 with the named children and "there show cause, if any they have, why said minor children should not be remanded to the respective legal custodian or otherwise to the respective relators herein, as their legal right of custody may appear."

Answer of respondents first consisted of sworn pleadings, viz.: "In response to your Honor's writ of Habeas Corpus, we respectfully state that it is true that we have in our custody the said Mauryce and Ronny Land. We took and now detain them by virtue of the fact that I, Mrs. Leona Collins, am the mother of the said Mauryce and Ronny Land, and that their custody has never been given to anyone which would in any way deprive us of being able to keep them and rear them. We also now bring before your Honor in obedience to your Honor's order, the two children, to wit: Mauryce and Ronny Land"; following which answer was their plea of privilege in statutory form. As appellees point out, a failure to comply with the requirements of Rule 85, Texas Rules of Civil Procedure, in the matter of due order of pleading, undoubtedly results in a waiver of the plea. Ablon v. King, Tex. Civ.App., 279 S.W. 563. See also Texas Digest Complete, Vol. 37, Venue,

The question of child custody not having theretofore been determined, it would appear, under the facts and circumstances of this case, that at all times since the date of said divorce decree, the domicile of these minor children was referable to and followed that of the father. "And it is settled law in Texas that the domicile of a minor child is always that of the father, and necessarily changes with any change of the father's domicile." Gulf, C. & S. F. Ry. v. Lemons, 109 Tex. 244, 206 S.W. 75, 77, 5 A.L.R. 943. "The district court holds a constitutional supervisory control and supervision of all infants, and the court had the power and authority to issue orders necessary and proper for the welfare of the infants. The children were in its jurisdiction, and the custody and protection of the children could be exercised where they were domiciled. The domicile of the children followed that of their father. (Citing authorities.) * * * It would be an absurdity to hold that the mother could make attempts to kidnap a child from the domicile made by its father and escape restraint, where it was needed, by a plea of privilege. She loses the right to be sued in another county by attempting to violate the law at the domicile of the child sought to be protected." Wright v. Wright, Tex.Civ.App., 285 S.W. 909, 910. See also Lanning v. Gregory, 100 Tex. 310, 99 S.W. 542, 10 L.R.A.,N.S., 690, 123 Am.St.Rep. 809.

The trail court's order may further be sustained perforce of testimony adduced at the hearing. The court could properly have found therefrom that, at the time Mauryce and Ronny were removed to Nueces County, Charles L. Land, Jr., the father, to all intents and purposes, was their legal custodian. As already observed, the divorce judgment made no express provision for their custody; Mr. Land testifying that at time of divorce the children were in his charge; that "she (the mother) told me I could keep the kids * * * She told me if I didn't take them she was going to put them in an orphans home." "The statute authorizing court to order divorced parents to contribute to support of their children until they reach the age of 16 years, allowing court to retain jurisdiction to alter order and providing for enforcement of order by civil contempt proceedings, did not have effect of changing theretofore existing rule that *proper venue* for an action involving custody of a minor *was the residence of custodian of such minor*. Vernon's Ann.Civ.St. art. 4639a." Wilson v. Wilson, 137 Tex. 528, 155 S.W. 2d 601, Syl. 1 (Emphasis added.)

The order overruling pleas of privilege herein is in all respects affirmed.