Loma Frances Rogers HOPKINS, Appellant,

v.

Edwin Eugene HOPKINS, Appellee.

No. 7177.

Court of Civil Appeals of Texas.

Texarkana.

April 5, 1960.

Harkness & Friedman, Texarkana, for appellant.

John A. Files, Shreveport, La., for appellee.

DAVIS, Justice.

This is an appeal from the district court of Bowie County in a divorce action. The plaintiff-appellee filed suit in the district court for a divorce and for custody of four minor children. He alleged that he was a member of the armed forces and had been such for a sufficient period of time that his residence was fixed by law and that he had always maintained Bowie County as his place of residence. He alleged that the defendant-appellant had in her custody the minor children named in the petition.

At the time the case was called for trial, the attorney for appellee announced ready for trial and the attorney for appellant announced to the court that he was withdrawing from the case and in effect told the attorney for appellee to go ahead with the trial. Judgment was rendered on the 6th day of April, 1959 and on April 20, 1959, the appellant filed a motion for a new trial. A hearing was had on the motion and the trial court overruled the same. Appellant has appealed and brings forward four points of error.

By point one, the appellant complains of the action of the trial court in refusing to set aside the default judgment. In the hearing on the motion for new trial she testified that on the day of the trial she was sick and could not be in court. Nevertheless, her attorney was present and said nothing about it to the court. On the following day she was back at work, driving a taxi. Further, she failed to show on the motion for new trial that she had a meritorious defense to the cause of action. Prior to the time the case was called for trial, the attorney for appellant by letter to the attorney for appellee, admitted that the case was set for trial on April 6th

and stated that he was, by copy of that letter, notifying the appellant to be present with all her witnesses. At the time the case was called for trial, the appellant did not appear and the attorney for the appellant told the court and the attorney for appellee, that they could go ahead and try the case, "that she had not paid him 'nothing', and that he was leaving," which he did. We think that under the holding of the court in the cases of Prendergast v. Prendergast, Tex.Civ.App., 122 S.W.2d 710; Sneed v. Sneed, Tex.Civ.App., 296 S.W. 643; Wagley v. Wagley, Tex.Civ.App., 230 S.W. 493; 15 Tex.Jur. 564; and Holliday v. Holliday, 72 Tex. 581, 10 S.W. 690, the action of the trial court was correct and the point is overruled.

■ By her second point the appellant complains of the action of the trial court in granting the divorce to the appellee when there was no proof of grounds for divorce. By the statement of facts and the findings of fact and conclusions of law on file in the case, we find full support in the action of the trial judge in granting the divorce. Point two is overruled.

■ By point three, the appellant complains of the action of the trial court in giving the custody of the minor children to the appellee when the children were outside the jurisdiction of the court. We find in the record, the answers and cross-action of the appellant. Then, there is the motion for new trial and the hearing had thereon. Then there is the affidavit of the appellant to prosecute the appeal without the prepayment of cost or giving security therefor. The last paragraph of this affidavit, before the signature of the appellant, reads as follows:

"The affiant further states, on her oath aforesaid, that she resides in Bowie County, Texas."

This puts a different situation in the case than that relied on by the appellant. She cites the case of Milner v. Gatlin, Tex.Com. App., 261 S.W. 1003, and 15–B Tex.Jur., Sec. 236, at page 47. We doubt that under the record in the case that the point should have been raised. We recognize the fact that under the law, the jurisdiction of the court to award custody of a minor child depends upon the domicile of the child. Peacock et al. v. Bradshaw et al., 145 Tex. 68, 194 S.W.2d 551; Mauldin et al. v. Buchanan et al., Tex.Civ.App., 198 S.W.2d 469, and Maxwell v. Maxwell, Tex.Civ. App., 204 S.W.2d 32. But by virtue of the same authorities, we think the district court had jurisdiction over the children and the point is overruled.

■ By her point four, appellant complains of the action of the trial court in granting the appellee a divorce on the ground that there was no proof that he was a resident of Bowie County for six months immediately preceding the filing of the suit, and a resident of the State of Texas for a period of one year immediately preceding the filing of the suit. Suffice it to say that the man was in military service and had been for some time. We think the evidence is wholly sufficient to comply with the provisions of Art. 4631 of Vernon's Ann.Civ.St. and the point is overruled.

The judgment of the trial court is affirmed.